413 So.2d 573 (1982)
Clarence R. CLARK, et al.
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT and Department of State Civil Service.
No. 14626.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*574 Daniel E. Broussard, Jr., Broussard, Bolton & Halcomb, Alexandria, for appellants.
Anthony J. Bonfanti, Executive Asst. Gen. Counsel, Dept. of Transp. and Development, Baton Rouge, for appellee Dept. of Transp. and Development.
Laura Denson Holmes, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for appellee Dept. of State Civil Service and George Hamner, Director, Dept. of State Civil Service.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
The issue here is whether or not plaintiffs have stated legal grounds for an appeal of a statewide pay plan implemented by the Department of Civil Service. Because we agree with the State Civil Service Commission (herein referred to as the Commission), they have no right to appeal, we affirm.
On May 1, 1979, a statewide pay plan was implemented whereby 390 classes of civil servant employees were given pay increases and 2052 classes were left at status quo. Plaintiffs are 168 employees of the Louisiana Department of Transportation and Development[1] (DOTD) who did not receive pay increases. Various other classes within the DOTD received an increase in salary. On June 25, 1980, plaintiffs' counsel wrote an appeal letter to Mr. George Hamner, Director of the Department of Civil Service and alleged as follows:

*575 "It is our contention that the exclusion of our clients from these special pay adjustments is inequitable and discriminatory.
"Specifically we contend that the failure to include our clients in the special pay adjustments of May 1, 1979 was without substantial reason or foundation. Certain D.O.T.D. employees holding identical and/or similar positions and classifications to our clients were selected and given pay increases on May 1, 1979 while our clients were not."
The letter stated further the exclusion of the plaintiffs from the pay increase had been "arbitrary and discriminatory and denies our clients the equal protection of the law as guaranteed to them by Article I, Section 3 of the Louisiana Constitution and the Fourteenth Amendment to the United States Constitution." The letter requested the exclusion from the pay adjustment be corrected retroactive to May 1, 1979, and that plaintiffs be given any pay increase implemented by the plan in the same amount and percentages as the other DOTD employees had received. The letter stated the appeal was based on Civil Service Rule[2] 13.10(e) and (i).
The Department of Civil Service and DOTD each filed a request for summary disposition and a hearing was held. The Commission denied plaintiffs' appeal because plaintiffs had failed to allege legal grounds for an appeal and because the Commission was without jurisdiction to hear the appeal. Plaintiffs then appealed to this court. We agree there were no legal grounds for the appeal therefore we need not reach the jurisdictional issue.
One basis for our conclusion that plaintiffs have no legal grounds for the appeal is Rule 13.34 which reads as follows:
"No appeal to the Commission shall lie from the adoption by the Commission, after public hearing, of a Classification Plan, a Pay Plan, or of any Rule, or of any Amendment to said Plans or Rule."
It was admitted by plaintiffs' attorney at the hearing on the motion for summary disposition a public hearing was held on the proposed pay plan. He argued simply the employees are often not really aware of the effect of the plan until after it has been implemented. While we are sympathetic to the employees' interests, we find the rule a valid one and conclude it bars an appeal in this matter.
Plaintiffs argue in their brief they are ready to produce evidence showing the notice given for the hearing was inadequate. This issue was not raised in the letter of appeal, nor was it argued at the hearing. Even if we were to remand to receive this evidence and plaintiffs proved the notice was inadequate, plaintiffs are still barred from appealing because the two subsections of Rule 13.10 upon which they base their right to appeal are not applicable to the facts of this case.
Rule 13.10 provides several specific circumstances in which an appeal will lie. Subsection (e) deals with the pay plan as an apparent exception to the general bar set forth in Rule 13.34. Rule 13.10(e) reads as follows:
"An appeal may be made to this Commission by
. . . .
(e) Any person in the Classified Service who alleges that he has been discriminated against by the application of the Pay Plan or the application of any change thereof."
In its written opinion the Commission cited the Civil Service opinion in the appeal of L. D. Addison, (Docket No. 2149, dated January 22, 1980), where the Commission held Rule 13.10(e) granted a right to an appeal only in situations where the employee alleged other employees in his same class were being paid more than he. In Addison, the employee was arguing his class (E.E. O.C. III) should earn as much as or more than a similar class (Personnel Technician III). Citing Hollingsworth v. State Through Dept. of Public Safety, 354 So.2d 1058 (La.App. 1st Cir. 1977), writ refused 1978, the Commission concluded Rule 13.10(e) *576 was inapplicable and plaintiff Addison had stated no grounds for his appeal.
After reading the transcript of the hearing we agree with the Commission's conclusion the complaint relates to pay differential between similar classes rather than to pay differential between members of the same class. Plaintiffs' attorney, Mr. Daniel Broussard, was questioned as to the exact nature of the complaint. He stated in most instances the grievance was that classes similar to plaintiffs' own had been included in the pay raise while plaintiffs' classes had not. In one instance, discussed below, one class of plaintiffs (labor utility) felt employees doing identical work had been given a different class title (trades helper) and were included in the pay raise under the new title. The following is an excerpt from the hearing.
MR. BROUSSARD: "It's our understanding that the leadermen and the labor utility employeesthey have two types of sign crews, district-wide crews and they have state-wide crews. The district-wide crews and the state-wide crews do essentially the same thing, putting up signs and they have essentially the same position. When this pay plan was implemented, the labor utility and leadermen in the state-wide crews got a pay increase. The ones in the district crews didn't. And they're doing essentially the identical work. And that's what we intend to prove. And there was a name change, but the work stays the same, it's the identical position, and it's essentially the same thing."
COMMISSION MEMBER: "What do you mean the name changed?"
MR. BROUSSARD: "Well, they changed labor utility to trades helper."
COMMISSION MEMBER: "But then it becomes a different job. The labor utility is no longer a labor utility."
MR. BROUSSARD: "Right. But it's like takingyou have two sign crews and they do exactly the same work. And you've got labor utility in this sign crew and you've got labor utility in this sign crew. You change this guy to trades helper, but his job stays the same as thethey're both identical jobs and they're both doing the same thing. They just changed the"
COMMISSION MEMBER: "a different title."
MR. BROUSSARD: "Different title. I'm saying its the identical position. It's similar work. Everything's the same except the name change and the different pay."
This testimony indicates the gist of plaintiffs' argument is that their classifications should have been included in the pay plan because other similar classifications were included. We agree with the Commission opinion that rather than alleging discrimination in the application of the pay plan they are "questioning the legitimate decisions made by the Civil Service Commission in the inclusion or exclusion of certain classifications to receive a pay increase on May 1, 1979." Rule 13.10(e) is not applicable as a basis for this appeal.
In Hollingsworth, supra, an employee classified as a Command Inspector appealed under Rule 13.10(e), complaining two other Command Inspectors (each of whom was junior to him in service) were being paid more than plaintiff as a result of a 1975 pay plan. The court concluded there had been no discrimination and the increase in salary had come about because of various step increases the two others had received while in lower classifications. The court remarked:
"However, such a variance comes about solely from the mechanics of the system, not from any discriminatory application or implementation of the pay plan. An imbalance can occur in any department, and pay discrepancies to a slight extent exist throughout the system. Such discrepancies are caused primarily by the provisions of the Civil Service pay rules and the way the pay plan is structured, and not from any internal administrative adjustments."
While we can understand the dissatisfaction of the employees who did not benefit from the pay increase, we agree with the Hollingsworth *577 court it is not every variance in salary that gives the employee a right to challenge the plan.[3]
Plaintiffs' other ground upon which their appeal was based is Rule 13.10(i) which reads:
"An appeal may be made to this Commission by
. . . .
(i) Any person who alleges that he has been discriminated against by any official action taken by the Director."
Rule 13.11(d) requires an appellant to include in his written appeal "specific facts supporting the conclusion of discrimination" and these facts must be alleged in detail. The Commission noted, and we agree, the letter of appeal contained only a conclusion of discrimination and did not allege any specific facts to support the conclusion. There must be some specific facts showing the appellant was discriminated against due to his race, religion, sex, or other nonmerit factor. Further, the Commission noted there were no facts alleged to indicate the Director had violated any rules in taking action under the plan. He is required to implement the plan, as approved by the governor, which he did in this case.
In conclusion, we agree with the Commission Rule 13.34[4] bars plaintiffs' appeal. Even if plaintiffs showed the notice for the hearing was inadequate, their appeal must fail because they have based their grounds on Rule 13.10(e) and (i), neither of which are applicable to their case. Their general complaint that their exclusion from the pay increase violated their constitutional rights under the state and federal constitutions, even assuming it to be a valid complaint, cannot be heard by the Civil Service Commission since it is not the proper forum in which to test the constitutionality of its own rules and pay schedules. See La.Const. art. X, § 8 and § 12. Jurisdiction to pass on the constitutionality of its own rules would be inconsistent with the Commission's rule-making function. The doors of the state and federal court are always open to plaintiffs who complain the state is depriving them of their constitutional rights.
For these reasons, the summary disposition of the Civil Service Commission is affirmed. Plaintiffs-appellants are to pay costs.
AFFIRMED.
NOTES
[1] The plaintiffs hold positions in clerical, laborer utility, leaderman, watchman, park attendant, equipment specialist I, radio operator II, bridge tender and safety inspector classifications.
[2] All subsequent citations to Rules are references to the Civil Service Rules.
[3] The court in Hollingsworth, supra, apparently recognized plaintiff's right to an appeal under Rule 13.10(e) but after considering the merits concluded he was not entitled to the relief sought.
[4] Rule 13:34 was not at issue in Thoreson v. State Dept. of Civil Service, 396 So.2d 367 (La.App. 1st Cir. 1981), relied upon by plaintiffs. Unlike Thoreson, the Commission has now exercised its discretion not to hear the appeal by its implementation of Rule 13:34.