421 So.2d 948 (1982)
Terry W. MAYEAUX
v.
DEPARTMENT OF STATE CIVIL SERVICE.
No. 82 CA 0094.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*949 Frank P. Trosclair, Jr., Taylor & Trosclair, Opelousas, for appellant.
Laura Denson Holmes, Dept. of Civil Service, Baton Rouge, for appellee.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
This is an appeal by Terry W. Mayeaux, an employee of the Department of Health and Human Resources of the State of Louisiana, classified in 1979, as Welfare Case Supervisor I, from the decision of the State Civil Service Commission granting summary disposition of the matter and dismissing the appeal of Mayeaux.
The appeal arises out of the establishment of two classifications of personnel: Eligibility Determinations Supervisor I and Human Service Supervisor. On August 27, 1979, the Director of the Department of State Civil Service gave interim approval for the establishment of the two classes with the following pay ranges:

Eligibility Determinations
Supervisor I $ 931-1541
Human Service Supervisor 1200-1885

By letter dated September 24, 1979, Mayeaux, who had been reclassified as Eligibility Determinations Supervisor I, sought to appeal the difference in pay between the two classifications. He alleged that the two classes were formerly a single class (Welfare Supervisor I) and had identical qualifications and pay. Appellant also alleged that the duties of a Human Service Supervisor are equal to or less than those of an Eligibility Determinations Supervisor I and the qualifications for the jobs are the same and thus, the pay ranges are discriminatory.
This letter was not docketed as an appeal, but was sent to the Classification and Pay Section, which responded to Mayeaux by letter from the Chief of the Section, dated November 29, 1979 outlining the reasons for the pay differential between the two classes.
By letter dated December 13, 1979, Mayeaux presented his reasons for rejecting the explanation given him by the Chief of the Section, complained of the difference in pay, and requested that his letter be docketed as an appeal. In response, the General Counsel, wrote to appellant on January 23, 1980, informing Mayeaux that the appeal was not being docketed and advising him that a public pay plan hearing was the proper forum for such an issue.
Appellant insisted on his appeal, and by letter of March 3, 1980, Mayeaux complained as follows:
"It isn't because of a discrepancy or an unfair or unwise Civil Service Rule regarding the pay plan of the Eligibility Determinations Supervisor I. vs. the Human Service Supervisor that I am requesting an appeal hearing; it is because there is discrimination involved. All Eligibility Determinations Supervisor I's are being discriminated against by having such an `out of line' pay plan when compared *950 with the Human Service Supervisors who have similar qualifications, duties and responsibilities." (Emphasis by the appellant.)
Thereafter, on July 1, 1980, a public hearing was held to consider classification and pay matters. Subsequently, the Commission approved the establishment of the two classes and approved an increase in the two ranges of pay. As promulgated as of September 1, 1980, the plan contained the following pay ranges:

Eligibility Determinations
Supervisor I $1131 - 1690
Human Service Supervisor 1316 - 2067

The pay plan was approved by the Governor on July 30, 1980.
A request for summary disposition of the appeal was filed by the Department, which the appellant opposed. A hearing was held on the request for summary disposition on September 1, 1981; and, thereafter, on November 6, 1981, the Commission granted the request for summary disposition and dismissed the appeal.
The primary issue in the instant case is whether the appellant has stated a legal ground for an appeal of the pay plan implemented by the Department of Civil Service. After review of the record, we conclude that he has not stated a legal ground for an appeal. This case falls within Civil Service Rule 13.34, which reads as follows:
"No appeal to the Commission shall lie from the adoption by the Commission, after public hearing, of a Classification Plan, a Pay Plan, or any Rule, or of any Amendment to said Plans or Rule."
The record reflects that a public hearing was held on the pay plan. In the recent case of Clark v. Department of Transportation and Development, 413 So.2d 573 (La. App. 1 Cir.1982), we held that the quoted rule was valid, and barred an appeal of the establishment of classifications and pay ranges. We adhere to the Clark decision, and find it dispositive of this issue.
Appellant argues also that the State Civil Service Commission erred in finding that the letter of appeal failed to comply with the requirements of Rule 13.11(d).
This rule reads as follows:
"A notice of appeal must
. . . . .
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail . . ."
It is appellant's contention that he alleged discrimination, in that a pay plan adopted by the Department, which reallocated the class of Welfare Case Supervisor I to other classes, was discriminatory in the pay differential treatment in pay between Eligibility Determinations Supervisor I and Human Service Supervisor because the qualifications of the two were identical and the duties and responsibilities of the Eligibility Determinations Supervisor I were equal to or greater than those of Human Service Supervisor.
While there is no right to appeal classification and pay plans, an appeal may be considered by the Commission if "discrimination" is involved. Rule 13.10(i) allows an appeal if an employee alleges that he has been discriminated against by official action taken by the Director. Rule 13.10(e) allows an appeal if he alleges that he has been discriminated against by an application of the pay plan.
At the time this appeal was filed with the Commission, the aforementioned two classes had been established by the Director, in accordance with the provisions of Civil Service Rule 3.1(n). As such, the only basis for appeal which might be available to the appellant is that set out in Rule 13.10(i), which provides:
"An appeal may be made to this Commission by
. . . . .
(i) Any person who alleges that he has been discriminated against by any official action taken by the Director ..."
*951 It is not sufficient to satisfy this rule that the appellant merely recite that a particular action of the Director was discriminatory. Pursuant to Rule 13.11(d), quoted above, specific facts delineating the discriminatory action must be alleged in detail.
The rules of the Commission have the force and effect of law. La.Const.1974, Article 10, Section 10(A)(4); Pelletier v. Executive Department, Division of State Buildings and Grounds, 331 So.2d 72 (La. App. 1 Cir.1976). Thus, so long as the Commission's rules are reasonable and not violative of basic constitutional rights, they must be recognized and given effect by the courts. Heinberg v. Department of Employment Security, 256 So.2d 747 (La.App. 1 Cir.1971), writ refused, 260 La. 1135, 258 So.2d 381 (1972).
In LeGros v. Department of Public Safety, Division of State Police, 364 So.2d 162 (La.App. 1 Cir.1978), writ denied, 366 So.2d 562 (La.1979), the court stated:
"The obvious purpose of Rule 13.11(d) is to insure the appointing authority the same degree of specificity concerning its alleged discrimination as the employee is entitled to receive with respect to the charges on which the disciplinary action is predicated. The requirement is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing before the Commission."
We find that the appellant has failed to comply with the requirements of Rule 13.11(d); such failure renders the appeal ineffective. See Civil Service Rule 13.12(a); Toms v. Louisiana Health & Human Resources Administration, Division of Management, 349 So.2d 941 (La.App. 1 Cir. 1977), writ denied, 351 So.2d 162 (La.1977).
As stated above, Rule 13.10(e) allows an appeal where an employee claims the application of the pay plan discriminates against him. A careful reading of the appellant's notice of appeal indicates that Mayeaux believes that an Eligibility Determinations Supervisor I should earn as much, or have the same pay range, as a Human Service Supervisor, and since that classification has a lower pay range than that of Human Service Supervisor, he has been discriminated against. We do not find that Rule 13.10(e) is applicable to this situation. We believe that the cited rule envisions a situation where an employee alleges that he is not earning the same pay as another employee filling the same position. See Hollingsworth v. State, Department of Public Safety, 354 So.2d 1058 (La.App. 1 Cir.1977), writ denied, 356 So.2d 1010 (La. 1978). Appellant has not alleged that he is being paid any differently than any other employee in the same class; rather, he claims that he does not fall within the same pay range as persons occupying Human Service Supervisory positions. Rule 13.10(e) does not apply to this situation.
In its decision, the Commission stated: Appellant admits in his letter that the application of the pay plan did not involve any discrimination since all employees of the state service with a similar classification as his received the same pay scale adjustment by the application of the pay plan which the Commission adopted. The only other "discrimination" that could be inferred was discrimination in the establishment of two classes, in lieu of one class, of a different name and pay scale. Appellant sets out that the former single class of Welfare Case Supervisor I was split into two classes of Human Service Supervisor and Eligibility Determinations Supervisor I. The pay scales, after being divided, were different. Appellant first alleged that the qualifications established for the two separate classes were "identical". In the next letter, appellant admits that there are differences in the qualifications but disagrees that such differences warrant such a difference in salary range. Finally, appellant, in the last letter, concludes that the qualifications are "similar". No specific facts whatsoever are alleged to support these three various conclusions. The Commission, upon taking judicial notice of the *952 qualification requirements it adopted for these two different classifications, notes that there are indeed significant differences in the qualifications for the two positions. The Human Service Supervisor position requires graduation from a four year college or university plus four (4) years of professional level experience in social service work of which three (3) years must be above the beginning level. The qualifications for an Eligibility Determination Supervisor I requires graduation from a four (4) year college or university plus two (2) years of full time professional level social work experience. Additionally, the Commission notes that an Eligibility Determination Supervisor I is the first of four possible levels up to and including Eligibility Determination Supervisor IV which classification, if reached, would carry a higher pay scale than the highest attained as a Human Service Supervisor. The appellant concludes that the qualifications are "identical, similar, or insignificant". The appellant, however, does not allege any specific facts to support a conclusion if proven. The Commission finds therefore that the appeal is subject to summary disposition for failure to conform with the requirements of Civil Service Rule 13.11(d).
We find that the record supports the decision of the Commission. We, thus, find no merit in any of the appellant's contentions. Accordingly, for the above reasons, the decision of the Civil Service Commission is affirmed at Appellant's cost.
AFFIRMED.