SHORTESS, Judge.
Twenty-nine Department of Education employees[1] filed an appeal with the Civil Service Commission alleging that the criteria used in computing pay eligibilities were discriminatory because they were based on non-merit factors. The Commission’s public hearing on August 7, 1984, was limited to consideration of a motion for summary disposition filed by the Department of Civil Service. Finding that the appellants were alleging that the criteria were discriminatory rather than that the criteria were being applied in a discriminatory fashion, the Commission declined to hear the cases in its quasi-judicial capacity or to amend the criteria in its legislative capacity. Twenty-one employees (appellants) brought this appeal.
*766 Many unclassified Education Department positions were placed in the classified State service effective August 3, 1982. Civil Service Rule 6.28(a) was used to set pay for incumbents in those positions. On February 7, 1984, the Commission was asked by the Department to interpret Civil Service Rule 6.28(a)(1)[2] to allow consideration of “prior service” for the purpose of computing pay eligibilities. The State Civil Service Director communicated the Commission’s interpretation to the Department in a February 20, 1984, letter, part of which follows:
However, the Commission unanimously adopted a Motion whereby it agreed to recognize employment in schools of Parish and City School Boards and in parochial and private elementary and high schools in the State as constituting prior service that may be considered under Rule 6.28(a)(1) for establishment of pay step eligibilities, subject to the following conditions:
—This service applies only to those employees whose positions were converted from unclassified to classified positions in the Department of Education on August 3, 1982, and —The prior employment must have been as a teacher, administrator or supervisor with any Louisiana Parish or City School Board, or of a State approved private or parochial elementary or high school within the State, and
—The employee must have held a valid Louisiana Teaching Certificate during the period being counted.
Employees in the positions of Education Specialist II and III (in the Bureaus of Food and Nutrition Services and Research and Development), Administrative Officer, Education Academic Supervisor, Education Administrator II and III, Executive Assistant in Food and Nutrition, Academic Supervisor of Child Welfare and Attendance, and Assistant Director of Vocational Education alleged that they were being discriminated against because they (1) were hired after August 3,1982; (2) had taught in Louisiana public or private colleges or universities; (3) had worked or taught out>of-state in public or private schools (with certification), colleges, or non-teaching jobs; (4) had taught out of the country; (5) had worked or taught in either vocational-technical schools or non-academic jobs in Louisiana; (6) had the Louisiana Department of Education Child Nutrition Program Supervisor certification that was required for their jobs; (7) had relevant jobs which did not require a valid Louisiana teaching certificate; (8) had part-time teaching or research jobs in a university or vocational-technical school and/or (9) had jobs in historically all-female Department sections with an already low salary structure.[3]
Appellants argue that “it is non-merit discrimination to grant additional pay to certain employees within the same class and to deny it to others depending upon *767 where the employee previously worked, the date he was hired, whether or not he possessed a valid Louisiana teaching certificate or whether the previous employer was a school or school board.” They sought to have the Commission hear their appeal under Civil Service Rule 13.10 (a), (b), (c), (e), (h) and (i). They argue, alternatively, under Thoreson v. Department of State Civil Service, 396 So.2d 367 (La.App.1st Cir. 1981), and 433 So.2d 184 (La.App.lst Cir. 1983) (hereafter referred to as Thoreson II), that the Commission has legislative and executive jurisdiction of these appeals.
They argue that refusal to accept their experience had no rational basis since the same types of prior service (except for the contested criteria) were crucial in allowing both appellants and their co-workers to meet requirements and performance standards for the same job. Both, however, received substantially different pay rates for the same jobs, resulting in substantial personnel turnover. Appellants sought credit for all prior relevant administrative, supervisory, and teaching experience regardless of its location or employer; a salary adjustment retroactive to August 3, 1982, after credit is given for all relevant prior service; and reasonable attorney fees.
The Commission reached the following conclusions of law:
In these appeals, appellants complain that certain employees of the Department of Education were receiving credit for prior experience while they are not. Appellants do not contend that the Department of Education is applying the criteria established by this Commission in a discriminatory fashion. Not one appellant is contending that he or she falls within the criteria established, but is not receiving credit. If this were the case, the Commission would hear these appeals under Civil Service Rule 13.10(b), (c) or (h) based on discrimination. However, each appellant is complaining of the criteria themselves contending that the criteria have no rational basis and have no relation to merit principles. Because appellants are challenging the criteria themselves, which criteria were established by this Commission, the Commission concludes that appellants have no right to appeal to this Commission the validity of its own decision. Because appellants’ contentions are in the nature of equal protection claims, their proper forum is a federal or state district court. The Commission is not the proper forum in which to adjudicate the constitutionality of its own actions. To force the Commission into an adjudicatory role in this type of situation is to deprive it of the rights it would otherwise be entitled to as a party defendant. See Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App.1st Cir. 1982). For the foregoing reasons, the Request for Summary Disposition is granted and these appeals, which were addressed to the Commission’s quasi-judicial capacity, are hereby summarily dismissed.
The Commission is well aware that it has legislative and executive authority in addition to its quasi-judicial power. La. Const. Art. X. Secs. 8, 10 and 12. To the extent that these appeals could be construed as asking the Commission in its legislative capacity to amend Civil Service Rule 6.28(a) or the criteria it established thereunder, the Commission declines to do so.
The sole issue in this appeal is whether the Commission erred in deciding that these workers had no right to appeal to it. In Thoreson II, we reviewed the right to appeal to the Commission, noted it is rooted in La. Const, art. X, § 8, and observed that:
Rule 13.10, subsections (b) through (1), ... provide employees with the right to appeal discrimination, in practically any manner or form, and further clarify an employee’s right to challenge disciplinary measures. Discrimination is defined in Rule 1.14.1 as “consideration of religious or political beliefs, sex, race, or any other merit factors.” [Emphasis ours.] Finally, Rule 13.10(e) provides:
*768 “An appeal may be made to this Commission by
(e) Any person in the Classified Service who alleges that he has been discriminated against by the application of the Pay Plan or by the application of any change thereof.”
Thoreson II, 433 So.2d at 207 (footnote omitted).
To judge the appellants’ appeals, the Commission need not evaluate either the constitutionality or the equity of its rules. Appellants make no objection to Rule 6.28. The principles embodied in that or any other rule are not under attack. It is the application of that rule governing pay plans that causes their complaints. This application was formulated by the Commission on February 7, 1984, and is contained in the Director’s letter of February 20, 1984. The Commission’s act and the Director’s letter are not Civil Service rules. They merely describe how the Pay Plan should apply to these particular workers. Appellants are simply attempting to exercise their rights to appeal as established by the rules. They challenge allegedly discriminatory “application” of the Pay Plan rules as Rule 13.10(e) specifically provides. The “criteria,” as the Commission’s opinion denominates them, found in the Director’s letter are nothing more than applications of the Pay Plan.[4] The rules clearly give appellants the right to attack such applications when they believe them to be discriminatory.
The Commission’s reluctance to hear the appeals is based in part on the notion that it should not sit in judgment of its own actions. We note initially that no provision of Chapter 13 of the Rules (concerning appeals to the Commission) prevents the Commission from examining in its judicial capacity any of its own actions. See Thoreson II, 433 So.2d at 208. And, as we pointed out above, Rule 13.10 gives the public employee broad rights to appeal discriminatory acts. We have found no provision of Rule 13.10 that limits this right to situations in which an entity other than the Commission has allegedly acted discrimina-torily.
No party has questioned the Commission’s right or power to decide how Rule 6.28 will be applied to these appellants.[5] If the Commission is the proper body to decide how this Pay Plan will be applied, then the plain language of Rule 13.10(e) gives these workers the right to appeal to the Commission the Commission’s application of the Plan. If, as the Commission claims, these workers have no right to such an appeal, then Rule 13.10(e), in this instance at least, has no meaning. To these workers, its words would be hollow. We will not interpret the Rule in a fashion that gives it no effect.
Thoreson II is instructive in this regard. There, the Commission entertained the appeals of a group of employees who complained of, among other things, discrimination in pay because of partial and unequal implementation of a Pay Plan. It ruled on the merits that the pay discrepancies resulted from the mechanics of the system. That Pay Plan was a product of the Commission. The minimal implementation of it, done with the Governor’s approval, was an “act” of the Commission.[6] Yet the Commission heard an appeal of that act. When addressing the Commission’s exception to this court’s jurisdiction, we concluded that Rule 13.10(e) gave the Commission the power to hear the discrimination claim in its judicial capacity. The Commission’s February 7, 1984, establishment of pay cri *769 teria is analogous to the minimal and unequal implementation of the Pay Plan in Thoreson II.
Another of the Commission’s concerns is that it not be forced to “adjudicate the constitutionality of its own actions.” The Supreme Court has indicated that constitutional challenges are beyond the purview of the Commission. Bell v. Department of Health and Human Resources, 483 So.2d 945, 947 (La.1986), but appellants’ petitions for appeal allege violations of Civil Service rules. They contend that non-merit factors were used in computing their pay rates. Use of non-merit factors is discriminatory according to Rule 1.14.1. The petitions specifically cite sections of Rule 13.10 as the basis of the appeals. As with any question of non-merit related discrimination, there might be equal protection issues of constitutional proportions involved. But the Commission need not resolve any issues on constitutional grounds. These appeals raise a question that goes to the heart of any civil service system: were the pay rates set for all workers based uniformly on merit, on relevant, job-related service, as the Civil Service rules require? This is the type of question the Civil Service Commission should and typically does consider. Rule 2.9(f).
The Commission cites Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App.1st Cir.1982), to support its position. Unlike the present case, Clark involved pay differences between different classes. Therein, we agreed “with the Commission opinion that rather than alleging discrimination in the application of the pay plan [appellants] are ‘questioning the legitimate decisions made by the Civil Service Commission in the inclusion or exclusion of certain classifications to receive a pay increase on May 1, 1979.’ Rule 13.10(e) is not applicable as a basis for this appeal.” Clark, 413 So.2d at 576. The appellants in the case before us do what those in Clark did not do; they complain of pay discrepancies between members of the same class. Thus, the two cases are factually dissimilar. In Clark, we also disapproved of the Commission as a forum “in which to test the constitutionality of its own rules and pay schedules.” Clark, 413 So.2d at 577. (Emphasis supplied.) We addressed above the Commission’s power to resolve non-constitutional, Civil Service questions. In short, Clark did not hold that a public worker was without right to appeal to the Commission an allegedly discriminatory application of a Pay Plan which made allegedly non-merit distinctions between members of the same class.
As a practical matter, the Commission is well-suited to hear these appeals. Its special expertise is public-sector employment. It regularly decides whether a job-related decision is based on merit or not. Its members are well-versed in the system of job description and classification. Should an appeal of its decision eventually come to this court, we would have the benefit of that knowledge and experience. We believe it is for such reasons that our courts have consistently ruled that appeals to the Commission are favored “as a safeguard of justice and should be denied only for the most compelling reasons.” Smith v. Board of Commissioners of Port of New Orleans, 262 La. 96, 262 So.2d 383, 384 (1972); Daley v. Department of Health and Human Resources, Office of Licensing and Regulation, 461 So.2d 613, 614 (La.App.lst Cir.1984).
For the foregoing reasons, we hold that these appellants have the right, under the facts of this case, to appeal to the Commission in its judicial capacity. Accordingly, the determination of the Commission is reversed, and the case is remanded to it for proceedings consistent with this opinion. Costs in the amount of $50.00 are taxed to the Commission.
REVERSED AND REMANDED.

. Betty N. Anderson, Brenda S. Argo, Catherine Bedard, Clarence R. Bell, Jr., Sherry L. Broken-berry, Frances H. Collins, Donna M. Dugas, Patricia H. Farris, Dean O. Frost, Charlotte Smith Gandy, Edward W. Griffin, John R.B. Hawes, Jr., Lee M. Hoffman, Marla C. Hymel, Elizabeth S. Love, Carole A. McCutcheon, Clare H. Miller, Marsha A. Millet, Bonnie G. Moore, Joyce C. Moore, Cynthia W. Nobles, Louise L. Schewe, Susan L. Stewart, Annis D. Tarver, Sylvia L. Torbet, Suzanne E. Triplett, Robert W. Trieschmann, John W. Trojacek, and Barbara J. Turner. Anderson, Bedard, Dugas, Griffin, McCutcheon, B. Moore, J. Moore and Trojacek did not join this appeal.

. Civil Service Rule 6.28(a)(1) provides as follows:
On or before the date of appointment, the Director shall establish the employee's eligibility for pay at the step in the range for the class to which his position has been allocated for which he would have attained eligibility under the provisions of Rule 6.15, had his position been in the State Classified service during his prior service. This rate shall be referred to as his true rate of pay and may be moved upward as the employee attains eligibility for pay increases under other provisions of these rules.

. By grouping appellants into three general categories and subcategories, the Civil Service Commission omitted some of the discrimination claims. The Commission categorized appellants as those with (1) in-state teaching experience hired after August 3, 1982; (2) out-of-state teaching experience; (3) relevant non-teaching experience; (4) part-time in-state teaching experience; (5) in-state teaching experience in a private college; or (6) relevant in-state non-teach, ing experience. The Commission omitted subcategories: in-state public college, university or vocational-technical school teaching experience; out-of-state teaching experience in public or private schools or colleges; out-of-state non-teaching experience; out-of-the-cpuntry teaching experience; Louisiana Department of Education certification in a non-teaching field; jobs not requiring a valid Louisiana teaching certificate; part-time teaching or research university or vocational-technical school jobs; or jobs in historically all female Department sections with an already low salary structure.

. Indeed, counsel for the Department of Civil Service makes this statement in his memorandum supporting summary disposition: "it is the State Civil Service Commission that has directed the application of that rule, namely Rule 6.28.” (Emphasis supplied).

. Rule 6.28(a)(1) gives to the Director the duty of setting pay eligibility for workers declared to be in the classified system. If this application is indeed the Director’s act and not the Commission’s, appellants may appeal to the Commission as provided in Rule 13.10(i).

.We ruled that the Governor’s partial approval was improper. If the Governor was without power to grant the approval, then the Commission can be viewed as the only actor.