CARTER, Judge.
These appeals arise out of the summary dismissal of three consolidated civil service appeals.
FACTS
Appellants[1] are employed with permanent status in classified positions by the Department of Public Safety and Corrections, Division of Probation and Parole; the Department of Labor, Office of Employment Security; and the Department of Transportation and Development.
Appellants from each of these three departments filed a “Petition of Appeal/Request for Investigation” before the Civil Service Commission, alleging that, in implementing the new Uniform Classification and Pay Plan (Plan), effective January 1, 1987, and June 29, 1987, years of service was not considered. Appellants reasoned that promotions subsequent to the implementation of the Plan resulted in similarly situated employees with fewer years of service earning substantially more salary than other employees in the same classification with greater seniority. Essentially, appellants contended that, in implementing the Plan, the Director of the Department of State Civil Service (Department) and the Commission violated LSA-Const. art. 10, § 10(A)(1) by failing to consider length of service, that the implementation of the Plan was a violation of the Civil Service Rules and Article, and that the promotional and pay policy under the Plan was discriminatory and a denial of equal protection under the state and federal constitutions. Appellants also requested the implementation of the Plan with consideration for length of service as well as back wages and attorney’s fees.[2]
Thereafter, the Department filed motions for summary disposition, contending that *1103 the Commission was without jurisdiction to entertain appellants’ appeals.
The Commission consolidated the three appeals and, after a hearing, determined that the appeals were barred by Civil Service Rule 13.34 and that, as such, the Commission lacked subject matter jurisdiction.
From this adverse ruling, appellants appeal, assigning the following specifications of error:
1. The Commission erred in concluding that the appellants had no right of appeal to the Commission.
2. The Commission erred in concluding that it does not have jurisdiction to hear these appeals under its judicial grant of authority.
3. The Commission erred in refusing to hear these appeals under its legislative-executive grant of authority.
4. The Commission erred in refusing to hear these appeals under the jurisdiction vested in it by virtue of its own Rules.
DISCUSSION
Although there is considerable confusion in the jurisprudence as to the jurisdiction of the Civil Service Commission, when there is a request for the type of relief requested herein, we believe that the circumstances and pay inequities of which appellants complain are analogous to those in Hollingsworth v. State, Department of Public Safety, 354 So.2d 1058 (La.App. 1st Cir.1977), writ denied, 356 So.2d 1010 (La.1978) and not those of Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983). The disparity in pay of which appellants complain resulted from the mechanics of the system and not from any discriminatory application or implementation of the pay plan. We believe that the conclusions of law by the Civil Service Commission, which we adopt as our own, succinctly set forth the proper application of the law to the facts in this case, as follows:
Appellants complain that when the June 29, 1987 pay plan was implemented, length of service was not considered.
Appellants argue that the failure to consider length of service in implementing the pay plan constitutes a violation of the Civil Service Article. Therefore, appellants contend that these appeals fall within the purview of Civil Service Rule 13.10(c), which reads as follows:
13.10 Appeals to the Commission.
An appeal may be made to this Commission by
[[Image here]]
(c) Any person in the Classified Service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the Article or of any Rule of this Commission.
[[Image here]]
Appellants also maintain that the implementation of the pay plan discriminated against them. Therefore, appellants contend that these appeals fall within the purview of Civil Service Rule 13.10(e), (h) and (i), which read as follows:
13.10 Appeals to the Commission.
An appeal may be made to this Commission by
[[Image here]]
(e) Any person in the Classified Service who alleges that he has been discriminated against by the application of the Pay Plan or by the application of any change thereof.
[[Image here]]
(h) Any person who alleges that he has been the subject of discrimination as defined in Rule 1.14.1.
(i) Any person who alleges that he has been discriminated against by any official action taken by the Director.
While the above-cited provisions of Civil Service Rule 13.10 allow certain appeals concerning pay matters, if the appeal challenges the pay plan itself or a pay rule, the appeal is barred by Civil Service Rule 13.34, which reads as follows:
13.34 Finality of Commission Action on Rules and Plans.
No appeal to the Commission shall lie from the adoption by the Commission, *1104 after public hearing, of a Classification Plan, a Pay Plan, or of any Rule, or of any Amendment to said Plans or Rules.
Over the years, the courts have had to address which types of pay complaints are appealable under Civil Service Rule 13.10 and which are barred by Civil Service Rule 13.34. The distinction is now fairly clear. When an employee complains that he is being paid differently from other employees within the same classification, his appeal is allowed under Civil Service Rule 13.10(e). See Gandy v. State Civil Service Commission, 498 So.2d 765 (La.App. 1st Cir.1986); and Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983), (wherein because the two classes at issue were assigned to the same pay range, they were treated as a single class). When an employee complains that he is paid differently from other employees in different classifications, his appeal is barred by Civil Service Rule 13.34. See Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App. 1st Cir.1982); Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982); Latona v. Department of State Civil Service, 492 So.2d 27 (La.App. 1st Cir.1986). When an employee complains that an interpretation of a Civil Service Rule concerning pay results in discrimination, the appeal is allowed under Civil Service Rule 13.10. See Gandy, supra. Finally, when an employee complains that a pay rule is unconstitutional, the complaint is barred by Civil Service Rule 13.34 and the Commission lacks subject matter jurisdiction. See Clark, supra; Bell v. Department of Health and Human Resources, 472 So.2d 235 (La.App. 1st Cir.1985) affd. 483 So.2d 945 (La.1986); Murray v. Department of Revenue and Taxation, 543 So.2d 1150 (La.App. 1st Cir. 1989); Casse v. Herbert L. Sumrall, Department of State Civil Service, 547 So.2d 1381 (La.App. 1st Cir. No. CA/89/0148; rendered August 2, 1989).
Thus, whether an appeal is allowed under Civil Service Rule 13.10 or is barred by Civil Service Rule 13.34, requires a determination of what exactly is being challenged. In these appeals, appellants are not complaining of the pay established for their classifications. Appellants do not contend that any Civil Service Rule was violated when the June 29, 1987 pay plan was implemented. Appellants do not contend that if a particular pay rule were interpreted differently, the result would have been different. Appellants basically contend, that the rules governing the implementation of the pay plan do not insure that an employee’s individual pay rate reflects his seniority and therefore, violate the Civil Service Article. In judging these appeals, the Commission would be called upon to judge the constitutionality and/or the equity of the rules governing the implementation of the pay plan. Therefore, the Commission concludes that these appeals are barred by Civil Service Rule 13.34 and that the Commission lacks subject matter jurisdiction.
Appellants herein also complain that employees who were promoted after June 29, 1987 earn substantially more than more (sic) senior employees who were promoted before the implementation of the new pay plan. The identical issue has been addressed in the Appeals of Lillian Gray, et al., Docket Nos. 6653, et al., (Department of Health and Hospitals and Department of State Civil Service), rendered March 8, 1989, wherein the Commission concluded that the complaints were barred by Civil Service Rule 13.34. (Footnote omitted).
Therefore, for the above reasons, appellants’ assignments of error are without merit. The judgment is affirmed at appellants' costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.

. Appellants in these appeals are as follows:
1. Morris E. Easley, Jr. and four other employees of the Department of Public Safety and Corrections, Division of Probation and Parole;
2. J.F. Sullivan and 347 other employees of the Department of Labor, Office of Employment Security; and
3.Charles A. Adcox and fifty-nine other employees of the Department of Transportation and Development.

. Sullivan and Adcox also sought certification as a class action.