603 So.2d 795 (1992)
Georgia P. RAMIREZ, et al.
v.
DEPARTMENT OF SOCIAL SERVICES, et al.
Barbara J. MAYS, et al.
v.
DEPARTMENT OF SOCIAL SERVICES, et al.
Nos. 91 CA 0986, 91 CA 0987.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Rehearing Denied September 4, 1992.
*796 Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, for appellants.
Janelle Rachal, Staff Atty., Dept. of Social Services, Bureau of Legal Services, Baton Rouge, for appellee Dept. of Social Services.
Robert R. Boland, Jr., Civ. Service Gen. Counsel, Dept. of State Civ. Service, Baton Rouge, for appellee Dept. of State Civ. Service.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
WHIPPLE, Judge.
Forty-nine permanent, classified employees of the Department of Social Services appeal the granting of summary disposition of their appeal to the state Civil Service Commission, challenging the Commission's decision to restrict the application of a wage increase, within certain job classes, to employees possessing master's degrees. Because appellants have a right to appeal to the Commission under Civil Service Rule 13.10(e), we reverse the Commission's summary dismissal of their appeal and remand for a hearing on the merits.

FACTS
On November 8, 1989, and January 10, 1990, the state Civil Service Commission approved flexible maximum hire and retention rates for various positions in the Department of Social Services, including the positions held by appellants.[2] The Commission, in accordance with a policy statement dated October 11, 1989, restricted use of these rates to applicants and employees possessing master's degrees.
*797 On May 2, 1990, appellant, Georgia P. Ramirez, and forty-four other employees, filed a "Petition of Appeal/Request for Investigation" with the Commission, complaining that the Commission had approved flexible maximum hire/retention rates for appellants' jobs, but had restricted the new rates to applicants and employees with master's degree. On May 14, 1990, appellant, Barbara J. Mays, and three other employees, filed an identical "Petition of Appeal/Request for Investigation". The two appeals were consolidated for hearing.
In their appeals to the Commission, the employees contend that the new pay plan violates the concept of equal pay for equal work; violates their constitutional rights to equal protection; and is discriminatory. Appellants allege that application of the new pay plan discriminates against them because other employees in the same class receive more pay solely on the basis of having a master's degree, while the specifications for their job classes which require a master's degree can be waived.
On January 23, 1991, counsel for the Department of State Civil Service filed a Motion for Summary Disposition of the appeals, arguing that the employees have no right to appeal because of their failure to assert any grounds which would constitute discrimination on a non-merit factor.[3] The Department argued that, as a matter of law, consideration of educational attainment is a merit factor and therefore, pay may be differentiated based on level of educational attainment. The Department further contended that the Commission lacked jurisdiction over appellants' claims because the issues raised in the appeal would require the Commission to decide the constitutionality of its own actions. By letter dated January 25, 1991, the Commission notified all parties that the hearing would be limited to oral argument on the issues raised in the Motion for Summary Disposition.
On March 13, 1991, the Commission granted the Motion for Summary Disposition, but did not express an opinion on whether educational attainment is a merit factor in this case, concluding:
In this case the Commission has decided to differentiate pay, within job classes,... based on educational attainment.... Whether this is constitutionally permissible is for a court, not this Commission, to decide. See Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App. 1st Cir.1982); Bell v. Department of Health and Human Resources, 483 So.2d 945 (La.1986) cert denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986); Murray v. Department of Revenue and Taxation, 543 So.2d 1150 (La.App. 1st Cir.1989); Casse v. Sumrall, 547 So.2d 1381 (La.App. 1st Cir.1989) writ denied, 551 So.2d 1322 (La. 1989). Accordingly, these appeals are hereby summarily dismissed. (footnotes omitted)
In a footnote to its decision, the Commission distinguished Gandy v. State Civil Service Commission, 498 So.2d 765 (La. App. 1st Cir.1986), opining that in the instant appeal, unlike Gandy, the Commission would be called upon to decide the constitutionality and equity of its own action in restricting the use of the maximum hire and retention rates to applicants/employees who have master's degrees. The decision also cited Latona v. Department of State Civil Service, 492 So.2d 27 (La. App. 1st Cir.), writ denied, 496 So.2d 1043 (La.1986), in support of using educational attainment as a basis for differentiating pay.
Appellants assign error to the Commission's summary disposition of their appeal. They contend the Commission should have heard the merits of their appeal; specifically, that application of the new pay rates to employees who have master's degrees, but not to those who do not, even though both are in the same job class, is discriminatory. Thus, the issue before us is whether appellants have a right to have their appeal heard by the Commission.

*798 DISCUSSION
The question whether an employee has the right to appeal is analogous to the question whether a plaintiff has a cause of action. Department of Labor v. Leonards, 498 So.2d 178, 181 (La.App. 1st Cir.1986). When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992). Similarly, if the classified employee has alleged grounds upon which appeals are allowed, he has the right to appeal. Leonards, 498 So.2d at 181. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception raising the objection of no cause of action. Kyle, 588 So.2d at 1159.
Also, the judicial review function is not limited to the arbitrary, capricious, or abuse of discretion standard with respect to the Civil Service Commission's decisions regarding jurisdiction, procedure, and interpretation of laws and regulations. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984); Department of Public Safety and Corrections, Office of Youth Services v. Savoie, 569 So.2d 139 (La.App. 1st Cir.1990).
Civil Service Rule 13.10(e) provides for an appeal to the Commission by "[a]ny person in the Classified Service who alleges that he has been discriminated against by the application of the Pay Plan or by the application of any change thereof". This rule envisions a situation where an employee alleges that he is not earning the same pay as another employee filling the same position. Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982). Included in the definition of discrimination is the consideration of any non-merit factor. See Civil Service Rule 1.14.1.
Civil Service Rule 13.34 prohibits appeals "... from the adoption by the Commission, after public hearing, of a Classification Plan, a Pay Plan, or of any Rule, or of any Amendment to said Plans or Rules". Whether an appeal is allowed under Civil Service Rule 13.10 or is barred by Civil Service Rule 13.34 requires a determination of what exactly is being challenged. Easley v. Department of State Civil Service, 572 So.2d 1101 (La.App. 1st Cir.1990), writ denied, 575 So.2d 392 (La.1991). When an employee complains that he is being paid differently from other employees within the same classification, his appeal is allowed under Civil Service Rule 13.10(e). Easley, 572 So.2d at 1104.
Appellants allege in their Petitions of Appeal that the difference in pay complained of results from the application of a "Policy for Implementation of Flexible Hire Rates for Social Worker Job Series", dated October 11, 1989, to newly adopted retention rates as well. In paragraph 10 of their Petitions of Appeal, appellants allege: "Although referred to ... as New Hire Rates, the new rates (raises) are also being made applicable to existing employees (as retention rates) ...". Thus, appellants do not contend the Pay Plan was improperly adopted or is unconstitutional; instead, they contend application of a change in the Pay Plan discriminates against them. Civil Service Rule 13.10(e) clearly authorizes an appeal to the Commission on this basis.
The four cases cited by the Commission in its opinion do not support its decision to summarily dismiss these appeals. Unlike the present case, in Clark, 413 So.2d 573, claimants alleged they were paid differently from other employees in different classes. Rather than alleging discrimination in the application of the pay plan, the appellants in Clark were questioning legitimate decisions made by the Commission in the exclusion or inclusion of certain classifications to receive a pay raise. Thus, the appellants in Clark could not appeal to the Commission on the basis of Rule 13.10(e). In this case, however, appellants allege that through the implementation of the pay plan, they are paid differently from members of their own class. Appellants herein are complaining of pay discrepancies between members of the same class, and *799 thus, this case is factually dissimilar from Clark.
The instant case is also distinguishable from Bell, 483 So.2d 945. The Bell case primarily involved a due process issue concerning the reallocation of an employee from one position to another. In Bell, the court was required to determine whether, in a reallocation situation, there was a constitutionally mandated requirement for pre-deprivation notice and a hearing, as provided for in disciplinary actions. The Supreme Court held that due process did not require pre-reallocation notice and an opportunity to be heard. 483 So.2d at 949. However, the court also found that the claimant in Bell had not alleged facts in support of their claim of discrimination with sufficient detail to perfect an appeal based upon discrimination. 483 So.2d at 952. In this case, however, appellants have alleged sufficient facts to perfect an appeal based upon discrimination.
The other two cases, Murray, 543 So.2d 1150, and Casse, 547 So.2d 1381, also involved the resolution of constitutional issues related to due process and are therefore inapposite.[4] In Murray, this court concluded that the Commission erred in holding that Murray's post-termination hearing cured the constitutional defect already existing in the matter, i.e., the failure to provide Murray with a pre-termination hearing. In Casse, the claimants contended that the Civil Service Rules under which a disputed layoff plan was prepared and implemented violated their due process rights because these rules did not accord them adequate notice or the right to a pre-deprivation hearing.
Moreover, we find the Commission had no valid basis for distinguishing the facts of the instant case from Gandy, 498 So.2d 765. In Gandy, the appellants argued that it is non-merit discrimination to grant additional pay to certain employees within the same class, and that such action constituted discrimination for the purposes of an appeal brought pursuant to Civil Service Rule 13.10(a), (b), (c), (e), (h) and (i). Alternatively, they contended that the Commission had legislative and executive jurisdiction of the appeals. The Commission summarily dismissed the appeals, stating that the Commission was not the proper forum in which to adjudicate the constitutionality of its own actions. This court held that the Commission erred and reversed the summary disposition of the appeal.
Here, as in Gandy, appellants are challenging the application of a pay plan, not the constitutionality of a pay plan. As we stated in Gandy:
The Commission's reluctance to hear the appeals is based in part on the notion that it should not sit in judgment of its own actions. We note initially that no provision of Chapter 13 of the Rules (concerning appeals to the Commission) prevents the Commission from examining in its judicial capacity any of its own actions. See Thoreson II [v. Department of State Civil Serv.], 433 So.2d [184] at 208 [ (La.App. 1st Cir.1983) ]. And, as we pointed out above, Rule 13.10 gives the public employee broad rights to appeal discriminatory acts. We have found no provision of Rule 13.10 that limits this right to situations in which an entity other than the Commission has allegedly acted discriminatorily. 498 So.2d at 768.
As we further noted:
As with any question of non-merit related discrimination, there might be equal protection issues of constitutional proportions involved. But the Commission need not resolve any issues on constitutional grounds. These appeals raise a question that goes to the heart of any civil service system: were the pay rates set for all workers based uniformly on merit, on relevant, job-related service, as the Civil Service Rules require? This is *800 the type of question the Civil Service Commission should and typically does consider. Gandy, 498 So.2d at 769.
Finally, we find Latona, 492 So.2d 27, to be distinguishable from the present case as well. In Latona, this court concluded that there was a rational basis for the action of the Commission in creating a class of State Engineer III, which requires a professional license, and granting a higher pay level than that afforded an Engineering Specialist III, and that the basis for such differentiation was reasonably related to a valid governmental purpose. In Latona, the petition of appeal did not allege that any members of the disadvantaged class possessed a professional license. 492 So.2d at 30.
Here, appellants allege that other employees within the same class possess master's degrees and that these employees are being paid more than appellants on that basis alone, which appellants contend is discrimination based on a non-merit factor under the facts of this case. Appellants further allege that "[t]he effect of the new hire/retention rates is that employees within the same classification, doing the same job, with precisely the same specified and actual duties, responsibilities, and functions are being paid differently, depending on whether they have a master's degree, irrespective of how they originally met the minimum qualifications for the job or the fact that they may have been `grandfathered' into the classification in September of 1981 (before a master's degree became a minimum requirement)."
Thus, appellants have properly alleged a right to appeal to the Commission on the basis of non-merit factor discrimination, and the Commission erred in summarily dismissing their appeal. We question the Commission's implicit premise that educational attainment is in all cases a merit factor consideration, especially where, as here, various substitutions are allowed in each class to satisfy the stated minimum qualifications; substitution options allegedly waived the need for a master's degree; and where the advantaged and disadvantaged employees allegedly perform identical tasks. To the extent appellants challenge the constitutionality of the pay plan itself or urge an equal protection claim, we pretermit a discussion of those issues pending the Commission's determination, after an appropriate hearing, of whether application of the new wage rates constitutes non-merit factor discrimination against appellants.

DECREE
For the foregoing reasons, we reverse the decision of the state Civil Service Commission summarily dismissing these consolidated appeals in Docket Numbers 8588 and 8603, and remand for a hearing on the merits of appellants' claim of non-merit factor discrimination. Costs of this appeal to await final disposition.
REVERSED AND REMANDED.
NOTES
[2] Appellants hold the following positions: Social Services Supervisor 1 and Social Services Specialist 1 and 2.
[3] Civil Service Rule 13.14 provides for the summary disposition of appeals where the Commission lacks jurisdiction or where the appellant has no legal right to appeal, as well as on other grounds.
[4] In articles 7 and 8 of their Petition of Appeal/Request for Investigation and in oral argument before the Commission, appellants contend that no notice was given that the policy of restricting the new hire rates to applicants possessing master's degrees would also be applied to the new retention rates. While these assertions might arguably raise a challenge to the constitutionality of the adoption of the pay plan, counsel does not urge this issue on appeal to this court.