BYRNES, Judge.
On July 29,1988, the State of Louisiana ex rel. Plaquemines Parish School Board (“School Board”) filed a Petition for Declaratory Relief and an Accounting (“Petition”) against the Plaquemines Parish Government (“Parish Government”) seeking to be declared owner of thirteen sixteenth sections enumerated in the Petition (“Sixteenth Sections”).
The School Board asserts that the State of Louisiana (“State”) transferred the Sixteenth Sections to the Boards of Commissioners of the Buras, Grand Prairie and Lafourche Basin Levee Districts (“Levee Districts”). The Plaquemines Parish Government is the successor to the Levee Boards’ interest in the Sixteenth Sections. However, the School Board contends that these Sixteenth Sections remained and still are the property of the State as trustee for the School Board. The Parish Government filed an Exception, Answer, and Reconventional Demand or in the Alternative, Third Party Demand against the State of Louisiana wherein the Parish Government asserted a call in warranty against the State as the Levee Districts’ vendor.[1] In support of its warranty claim the Parish Government alleged that the transfers from the State to the Levee Districts did not expressly exclude warranty, and therefore under Louisiana law the State warranted title to the Sixteenth Sections.
' The State filed an exception of no cause of action and no right of action. The State alleged that the Levee Districts have no capacity to sue the State, that the Sixteenth Sections were not transferred to the Levee Districts in full ownership and that, because the transfers were not true sales, no warranty of title exists.
The court sustained the State’s exception of no cause of action and dismissed the Parish Government’s reconventional/third party demand. The Parish appealed. We affirm.
The basic issue we must decide is whether the Parish Government has a cause of action to call the State in warranty to defend the Parish Government’s title to the property that was transferred by the State to the Levee Districts as predecessors in interest to the Parish Government.
On an exception of no cause of action the well-pleaded facts in the petition and annexed documents must be accepted as true. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). The correctness of the petition’s conclusions of law is not conceded for the purposes of a ruling on the exception. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 336 (La.1980); Ramirez v. Department of Social Services, 603 So.2d 795 (La. App. 1 Cir.1992), writ denied 608 So.2d 195 (La.1992).
The Parish Government argues that the trial court improperly considered the merits of its claims and of the State’s defenses on an exception of no cause action.
The Parish Government in its “Exception, Answer, Reconventional Demand or In the Alternative Third Party Demand To The Title Phase Of This Bifurcated Litigation” avers that Acts of the Legislature are matters of public record and are the best evidence of their contents. In its brief the Parish referred to acts of the legislature which:
... in general authorized the State to transfer all lands located within the geographical limits of a levee district to that district. Typically, in language similar to the following for the Lafourche Basin Levee District, the legislation provided that:
All lands now belonging or that may hereafter belong to the State of Louisiana and embraced within the limits of the levee district as herein constituted, shall be, and the same are hereby given, granted, bargained, donated, conveyed and delivered unto said Board of Levee Commissioners of the Lafourche Basin Levee District ...
*7 ... It shall be the duty of the Auditor and the Register of the State Land Office, on behalf of and in the name of the State convey to the said Board of Levee Commissioners, by proper instruments of conveyance, the lands hereby granted or intended to be granted and conveyed to said board, whenever, from time to time, said Auditor and said Register of the said Land Office, or either of them shall be requested to do so by said Board of Levee Commissioners or by the president of said board shall cause said conveyances to be properly recorded in the recorder’s office of the respective parishes wherein said lands are or may be located and when said conveyances are so recorded, title to said lands, with the possession thereof, shall, from thenceforth, vest absolutely in said Board of Levee Commissioners, its successors or grantees; said lands shall be exempted from taxation, after being conveyed to and while they remain in the possession or under the control of said board. Said Board of Levee Commissioners shall have the power and authority to sell, mortgage, pledge or otherwise dispose of said lands, in such manner and at, such times and for such prices, as to said board shall seem proper ... [Emphasis added]
[[Image here]]
Pursuant to this legislation, as well as legislation for the Buras and Grand Prairie Levee Districts, the State proceeded to transfer the Sixteenth Sections to the respective Levee Districts. These transfers ... provided that the State “grant, transfer, convey, and deed and set over and deliver to the said Board of Commissioners ... to have and to hold the hereinafter described lands unto the said Board of Commissioners ... its successors and assigns, forever.”
It is the Parish Government which urges upon this Court the above quoted language from the legislative acts and the transfers from the state to the Levee Districts. Therefore, the Parish Government cannot complain if we consider the meaning and effect of what it has called to the attention of this Court. The quoted language demonstrates conclusively that the transfers were not sales.
The Parish Government then argues that “... the State, as the Parish’s vendor, warranted title to the Sixteenth Sections, by virtue of the absence of any exclusion of warranty in any of the transfers.” (Emphasis added).
The Parish argues that where warranty is not expressly excluded it is implied. LSA-C.C. art. 2501.
The LSA-C.C. art. 2501 implied warranty applies to sales. The transfers by the State were not sales, nor sales equivalents. The redactors of the Civil Code never intended the warranty articles to apply to this kind of transfer.
The Parish relies exclusively on the following language from Ellerbe v. Grace, 162 La. 846, 111 So. 185 (1926) to support its contention that the State may be called in warranty:
But be that as it may as to the other levee boards of the state, Act No. 160 of 1900, above mentioned, has placed the status of former state lands in the Caddo levee district beyond the domain of further controversy, whether that act be considered as a legislative interpretation of the grant intended by the act of 1892 or as additional grant. If the former, then this authoritative declaration of the state’s intention is binding upon the state’s officers. Cf. State v. New Orleans City & L.R. Co., 104 La. 685, 29 So. 312. And if the latter, then this new grant inured at once to the benefit of those who hold from the levee board; and the state and all state agencies are therefore forever estopped thereby from ever thereafter asserting title to the lands in the face of the obligation of warranty (emphasis added) resulting from such grant. Broussard v. Pharr, 48 La.Ann. 280, 19 So. 272; Rogers Locomotive Works v. American Emigrant Co., 164 U.S. 559, 17 S.Ct. 188, 41 L.Ed. 552; Wolcott v. Des Moines Nav. & R. Co., [72 U.S. (] 5 Wall. [) ] 681, 18 L.Ed. 689; Fletcher v. Peck, [10 U.S. (] 6 Cranch [)] 87, 3 L.Ed. 162. And see, also, State v. Ober, 34 La.Ann. 359; *8 Vicksburg, S. & P.R. Co. [v.] Sledge, 41 La.Ann. 896, 6 So. 725; State v. Vicksburg, S. & P.R. Co., 44 La.Ann. 981, 11 So. 865. Ellerbe,. 111 So. at 187.
No claim of warranty was made or discussed in the Ellerbe case. In Ellerbe, plaintiff landowners acquired lands formerly owned by the Caddo Levee Board which had acquired its title pursuant to legislation similar to that which is the subject of this appeal. When the Register of the State Land Office attempted to alienate the lands to a third party, the landowners sued.
In the language quoted above the Ellerbe court held that once the State had granted title to the levee board, it and its agencies were estopped from attacking its own title. (There was no claim that the transfers to the levee board should be voided for fraud or improprieties.) The decision was one based on estoppel, not warranty, and the reference to warranty was an unfortunate, gratuitous superfluity. A review of all the cases cited by the Ellerbe court in the above quotation bear this out. None are concerned with warranty. All, like Ellerbe, stand for nothing more profound than the fundamental truism that the State can’t alienate the same land twice. Neither Ellerbe, nor any of the cases upon which it relies, from Broussard v. Pharr to State v. Vicksburg contain any suggestion that would remotely support the warranty claim of the Parish Government in this appeal. Nor is there any other suppqrt in the jurisprudence for such a claim.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.

DIXON, J., concurs.

. The Parish set forth its warranty claim as a reconventional demand against the State of Louisiana and, in the alternative, as a third party demand. Because of some doubt as to the real party plaintiff in this action, the third party demand was asserted in the event that the State of Louisiana was not the plaintiff in the principal demand.