428 So.2d 1176 (1983)
Laura C. DAUSER
v.
DEPARTMENT OF PUBLIC UTILITIES (WATER).
No. 82-CA-77.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
*1177 Stephen V. Vallot, Kenner, for plaintiff-appellant.
Warren E. Mouledoux, Jr., Gretna, for defendant-appellee.
Before KLIEBERT, BOWES and GAUDIN, JJ.
KLIEBERT, Judge.
This is a devolutive appeal by Laura Dauser, an employee of the Department of Public Utilities (Water Department), from a ruling of the Jefferson Parish Personnel Board (Board). Dauser filed a petition of appeal with the Personnel Board which, on July 6, 1982, the Board dismissed. The petition alleged that she had been promoted from the position of a Water Service Inspector II to the position of Water Service Inspector III and thereafter demoted to her original position. The petition also alleges there was no reason for the demotion other than sex discrimination. Following a hearing on the appeal, the Board found (1) there was no legal appointment of Dauser to the Water Service Inspector III position, (2) the appointment of persons other than Dauser to the position was in accordance with the laws and rules of the civil service, and (3) the record contained no proof of the alleged sex discrimination against Dauser. We affirm these findings and conclusions.
On appeals of the nature involved here, the jurisprudential guidelines clearly establish that the findings of fact of the Personnel Board are binding on the court when supported by the record and this court may not substitute its conclusions on the facts for that of the commission. Only where there is no evidence to support the ruling of the commission may this court reverse Personnel Board's decision. Johnson v. Department of Finance, 354 So.2d 766 (La.App., 4th Cir.1978).
We note that at the hearing, it was uncontroverted that Mr. Peter Russo was the appointing authority. As the occupant of that position, under the Parish Ordinance he had the sole authority to make the appointments he chose from the certification list prepared by the personnel department and was not required to follow the recommendations *1178 of his supervisors. For that reason, we cannot say the Board committed manifest error in its finding of fact that Dauser was never appointed to the position of Water Service Inspector III. Although the recommendations of the supervisor had generally been considered tantamount to an appointment, it did not in fact constitute an appointment.
The appointing authority has much discretion in choosing employees properly certified as eligible and promotions do not take place automatically or as a matter of right. See Blake v. Giarusso, 263 So.2d 392 (La.App., 4th Cir.1972). Here the appointing authority selected the two individuals on the certified eligibility list who were the highest ranked in terms of grades and seniority, hence, we cannot say he discriminated in making that selection.
Dauser had been an employee of the Department of Public Utilities for approximately thirteen months, when in March of 1982 an off-hand announcement was made to the effect that two positions as Water Service Inspector III were vacant. Pursuant to the requirements of the Parish Ordinance on Civil Service, written tests were given by the personnel department and the following individuals certified for promotional consideration(1) Larry Accardo, (2) Darryl Bordelon, (3) Kenny Clark, (4) Demarco Ford, and (5) Laura Dauser. Subsequently, the top candidate, Larry Accardo, withdrew his name from consideration. In accordance with the usual procedure established by the appointing authority, Peter J. Russo, Director of Public Utilities, a committee of supervisors conducted interviews of the candidates certified by the personnel department as eligible for the promotion. Following these interviews, the committee recommended to the appointing authority the appointment of Mr. Bordelon and Dauser to the positions. On April 26, Mr. Joseph Ritter, one of the water department supervisors, informed Mr. Bordelon and Dauser that they had been promoted to the position of Water Service Inspector III effective May 1, 1982. At the same time, he informed Kenny Clark and Demarco Ford that they had not been selected for promotion to the open positions. On the same day, Kenny Clark and Demarco Ford filed an appeal with the Personnel Board. The basis or reasons for their appeal to the Personnel Board are not reflected by the record before us. Subsequently, Dauser was informed that the announcement of her promotion was premature and that the appointing authority had, contrary to the recommendations of the supervisors, selected Kenny Clark for the promotion.
Mr. Peter Russo, who is the appointing authority, testified that his decision to appoint the two highest ranking individuals on the certification list, namely, Darryl Bordelon and Kenny Clark, rather than following the recommendations of his supervisors and appointing Dauser over Clark was based on personal inquiries he made to his supervisors. In his opinion, the reasons the supervisors gave for selecting Dauser, who had the lesser ranking over Clark, who had the higher ranking, was not sufficient to justify promoting the lesser ranked individual over the higher ranked individual. Accordingly, we cannot say the Personnel Board erred in finding there was no proof in the record to support Dauser's contention that the appointing authority discriminated against her because of her sex. The mere fact there were few or no women supervisors in the water department or even in the utilities department does not constitute proof of discrimination.
For the reasons stated above, therefore, we affirm the decision of the Personnel Board.
AFFIRMED.