EDWARDS, Judge.
Plaintiffs, who hold a mineral lease on property owned by Malcom and Huland Miley, Jr., filed this petition for declaratory judgment, seeking to have their mineral lease declared valid. Defendants, Mr. & Mrs. Jackson, who claim ownership of a portion of the property covered by the lease, assert that the Mileys do not have title to that portion of the property, and therefore that the lease as to that portion is invalid. The trial court granted summary judgment in favor of defendants, dismissing plaintiffs’ suit. We reverse and remand.
The Mileys and the Jacksons own adjacent tracts of land. The disputed property is a twenty-foot strip along the boundary line. They trace their titles to two brothers who received the two tracts in a partition. In January 1942 Stanley and Walker Carmena partitioned the property they inherited from their father. Stanley, the Mi-leys’ ancestor in title, received the south fifty-three acres, and Walker, the Jacksons’ ancestor in title, received the north seventy-eight acres. The lands are contiguous; the northern boundary of Stanley’s land was the southern boundary of Walker’s land.
The act of partition recites that Stanley sold, conveyed, assigned, set over and delivered unto Walker the north seventy-eight acres of the land, and that Walker sold, assigned, set over and delivered unto Stanley the south fifty-three acres of land and another twenty-five acres at another location. Included in the act, however, was the following reservation:
“That the said Stanley B. Carmena does hereby reserve from 1st above described 78 acre tract of land a twenty (20) foot by 61.90 chain strip off the South side of the said land to be used as a roadway by the parties hereto, and forever grants unto the said E. Walker Carmena, his heirs and assigns the use of same for said purpose.
“That the said E. Walker Carmena does hereby reserve from the above described fifty-three (53) acre tract of land a twenty (20) foot by 61.90 chain strip off the North side of the said 53 acre tract, to be used as a roadway by the parties hereto in connection with aforesaid reservation, and forever grants unto the said Stanley B. Carmena, his heirs and assigns, the use of same for said purpose.”
Subsequently, the Mileys acquired title to Stanley’s fifty-three acres,[1] and Helen Jackson acquired title to Walker’s seventy-eight acres and all his “right, title, and interest in” the twenty-foot strip reserved by him off the north side of Stanley’s fifty-three acre tract.[2]
Because the disputed property is the northernmost twenty feet of the fifty-three acre tract, the question of present owner *263 ship turns on which brother received the now disputed twenty feet in the 1942 partition. Specifically, the answer lies in the interpretation of the reservation in the act of partition,

Both plaintiffs and defendants moved for summary judgment. Finding no fact issue and interpreting the pertinent partition agreement clauses in favor of the defendants, the court granted summary judgment in favor of defendants.
Plaintiffs contend that the court erred in denying their motion for summary judgment and in granting defendants’ motion for summary judgment. In support of their motion for summary judgment, the defendants introduced an affidavit of Stanley Carmena in which he stated that he and his brother, now deceased, intended to reserve in full ownership the twenty-foot strips, and the trial judge expressly found the language of the pertinent clauses to be consistent with that stated intention.
Plaintiffs assert that the court should not have considered Carmena’s affidavit because Carmena is not competent to testify as to the intent of his dead brother, anything his brother told him would be hearsay, and the affidavit is extraneous evidence, which is not to be considered in the absence of ambiguity in the contract language. Moreover, plaintiffs contend that if Carmena’s affidavit is admissible, they raised a genuine issue of material fact by showing other actions of Carmena which seem to contradict his recitations in the affidavit.
The starting point in settling any dispute over the interpretation of a contract is of course the instrument itself. To interpret a contract, the court must determine the intent of the parties. LSA-C.C. art. 1945(2) (current version at art. 2045). Nonetheless, the intent of the parties must be ascertained from the language of their contract, when it is clear and explicit and leads to no absurd consequences. LSA-C.C. art. 1945(3) (current version at art. 2046).
Plaintiffs claim that this reservation created a twenty-foot servitude in favor of Walker’s land along the northern boundary of Stanley’s land, and likewise a twenty-foot servitude in favor of Stanley’s fifty-three acre plot along the southern boundary of Walker’s land. Defendants, on the other hand, claim that Stanley received in full ownership a twenty-foot strip of land along the southern boundary of Walker’s land, that Walker likewise received in full ownership a twenty-foot strip of land along the northern boundary of Stanley’s land, and that each granted the other a road servitude on that land he received.
We have found yet another possible interpretation of the partition agreement, i.e., that the parties did not partition the part of the property that was to be used for a road right-of-way, but continued to hold it in indivisión, while giving each other reciprocal servitudes. With at least three possible ways to interpret the partition agreement, we think it safe to say that it is ambiguous. Therefore, extrinsic evidence is admissible to establish the intent of parties. Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087, 1089 (La.1981). See also *264 White v. Rimmer & Garrett, Inc., 340 So.2d 283, 285 (La.1976).
We agree with plaintiff that eviden-tiary considerations preclude the use of Stanley Carmena’s affidavit to establish the intent of his late brother. Yet the affidavit is admissible to establish Stanley’s intent, and thus it was not error foi the court to consider the affidavit. Nonetheless plaintiffs countered Stanley’s affidavit with an affidavit of a lawyer who examined the title. This affidavit points out that Stanley Carmena treated the disputed property as if he received it in the partition. He sold the entire fifty-three acres to Huland Miley, reserving a twenty-foot right-of-way off the northside of the property, and then later wrote a letter to Miley, notifying him to build his fence “20 feet south of the dividing line” to keep the right-of-way open.
Thus the plaintiffs, by showing that Stanley Carmena’s actions appear to be inconsistent with his stated intent, have established that there is a genuine issue of fact. Consequently, summary judgment is inappropriate.
Furthermore, we note that the lessors were never made parties to this action. The Code of Civil Procedure requires that “all persons ... be made parties who have or claim any interest which would be affected by the declaration,” and further states “no declaration shall prejudice the rights of persons not parties to the proceeding.” LSA-C.C.P. art. 1880. The lessors’ interests will necessarily be affected by a judgment in this action: A determination that the lease is invalid would deprive the lessors of any benefits under the lease, and more importantly, the determination of the validity of the lease hinges on whether the lessors are the owners of the property. Thus the lessors are indispensable parties to this action, because their “interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. No adjudication of an action can be made unless all indispensable parties are joined therein.” LSA-C.C.P. art. 641.
“The failure to join an indispensable party ... may be noticed by the trial or appellate court on its own motion.” LSA-C.C.P. art. 645. Because a fair and equitable adjudication cannot be made without the join-der of the lessors, whose interests are inextricable from the subject matter of this action, they must be joined as parties.
Accordingly, we reverse the summary judgment and remand to the trial court for the joining of the indispensable parties, and further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Malcom and Huland Miley’s father purchased the property from Stanley in 1951, and Malcom and Huland then inherited the land from their father. The act of sale from Stanley to their father recited that there was reserved off the north side of the tract a twenty-foot “right of way."

. This act of sale, made in 1956, recited that Helen Jackson was then married to Joseph Jackson. Thus there is the presumption that it is community property. See LSA-C.C. art. 2340.