498 So.2d 178 (1986)
DEPARTMENT OF LABOR, OFFICE OF EMPLOYMENT SECURITY
v.
Henry J. LEONARDS.
No. 85-CA-0978.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
*179 Floyd J. Falcon, Jr., Avant and Falcon, Baton Rouge, for appellant.
Henry J. Leonards, Crowley, in pro. per.
Robert R. Boland, Jr., Civ. Service Legal Counsel, Dept. of State Civ. Service, Baton Rouge, for Herbert L. Sumrall.
James Zito, Baton Rouge, for intervener American Federation of State, County and Municipal Employees Council 17.
Before EDWARDS, WATKINS and LEBLANC, JJ.
EDWARDS, Judge.
Henry J. Leonards, a twenty-three year veteran of state employment, applied for a vacancy with the Department of Labor. This position would have meant a demotion for him, but it would have given him better future promotional opportunities than his current job. The Labor Department did not consider plaintiff for the vacancy because its contract with the American Federation of State, County, and Municipal Employees requires that vacancies be filled by promotion if possible. The person who ultimately received the job was promoted into it.
Leonards followed the grievance procedure, complaining first to his immediate supervisor and then to his section head, both of whom believed the union contract controlled the situation. He then filed an appeal with the Civil Service Commission. The Labor Department requested dismissal for lack of right to appeal. After a public hearing on this issue, the referee concluded that Leonards had alleged sufficient facts to establish a basis for appeal under Civil Service Rule 13.10(c), and referred the matter to the Civil Service Commission.
The parties entered into a stipulation of facts. The Civil Service Commission held that Leonards had a right to appeal under Civil Service Rule 13.10(c), and that the Union contract requiring Labor Department vacancies to be filled by promotion violated both article X, section 7, of the Louisiana Constitution and Civil Service Rules 8.1 and 8.21. Nevertheless plaintiff specifically told the Commission that he did not want the position declared vacant; he merely wanted to be considered for future vacancies without regard to the union contract limitation. Consequently the Commission ruled that the Labor Department could no longer exclude from consideration employees who seek demotions to vacant positions.
The Labor Department appealed. Approximately six weeks later, the Union, *180 which was not a party to the appeal to the Civil Service Commission, intervened on appeal to this court.

JURISDICTION OF CIVIL SERVICE COMMISSION
Relying on their interpretation of the constitutional grant of jurisdiction to the Commission, appellants argue that the Civil Service Commission does not have jurisdiction. Appellants correctly point out that the articles of the Constitution which give the Civil Service Commission jurisdiction in certain cases, being exceptions to the general rule that district courts have original jurisdiction of all civil and criminal matters, La. Const. art. V, § 16(A), should be narrowly construed. Yet appellants have failed to consider all pertinent constitutional provisions.
The Constitution gives the Civil Service Commission exclusive jurisdiction in all removal and disciplinary cases. La. Const. art. X, § 12(A). Further the Constitution specifically gives classified employees the right of appeal to the Commission in disciplinary actions and in cases alleging political, religious, sex, or race discrimination. La. Const. art. X, § 8. Because, however, the Constitution does not specifically state that the Commission has the power and authority to determine the validity of a union contract, appellants conclude that the Commission does not have jurisdiction. We do not agree.
This court recently rejected a similar argument in Department of Health & Human Resources v. Payton, 498 So.2d 181 No. CA-85-0280 (La.App. 1st Cir. Oct. 28, 1986). DHHR contended that Payton had no right to appeal because his allegation of discrimination based on his union activities did not charge one of the kinds of discrimination listed in article X, section 8. We held, however, that Payton had the right to appeal such discrimination by virtue of Civil Service Rule 13.10, which was adopted pursuant to the Civil Service Commission's rule-making powers.
The Constitution gives the Commission broad rulemaking powers for the administration and regulation of the classified service, and this power includes the power to make rules for regulating employment. La. Const. art. X, § 10(A)(1). Civil Service Rule 13.10, which was adopted pursuant to the constitutional rule-making power, provides that "[a]n appeal may be made to [the Civil Service Commission] by [a]ny person in the Classified Service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the Article or of any Rule of this Commission." Louisiana Civil Service Rules, Rule 13.10(c). Leonards' case fits precisely into this situation. He alleges that he was adversely affected by the union contract and that the contract violates Civil Service Rule 8.
Appellants believe that because the validity of the union contract is called into question in this appeal, the Commission does not have jurisdiction. This court has already held to the contrary in Barenis v. Gerace, 357 So.2d 892 (La.App. 1st Cir.), cert. denied, 359 So.2d 1308 (La.1978). Styling his suit in district court as one for enforcement of a contract, Barenis alleged that he was entitled to a promotion by the terms of the union contract. This court held that the Civil Service Commission had exclusive jurisdiction of the matter and affirmed the trial court's dismissal of the plaintiff's action. The mere fact that one issue raised on an appeal otherwise allowable by Rule 13.10(c) involves the validity of a union contract does not serve to defeat the Commission's jurisdiction.

RIGHT TO APPEAL
Appellants argue that because a classified employee has no right to a particular position or to a promotion, he has no right to an appeal. The premise is correct; the conclusion is not. It is true that a classified employee has no right to a particular position or to a promotion. Dauser v. Department of Pub. Utils., 428 So.2d 1176, 1178 (La.App. 5th Cir.1983). Nonetheless this principle addresses itself to the merits, not to whether an employee has the right *181 to appeal. The question whether an employee has the right to appeal is analogous to the question whether a plaintiff has a cause of action. If the classified employee has alleged grounds upon which appeals are allowed, he has the right to appeal. Whether he is ultimately able to prove his allegations is another matter. The Dauser court did not say that the employee had no right to appeal; it merely stated the principle of no right to a particular position to emphasize that the employee could not prevail without proving discrimination. To say that an employee loses his bid to have some personnel action changed by the Commission is not to say that he has no right to take the appeal in the first place. Plaintiff clearly has the right to appeal under Civil Service Rule 13.10(c).

NON-JOINDER OF THE UNION
Because the Union was not a party to the appeal, and indeed never even received notice of the pendency of the appeal until after a decision was rendered, appellants contend that we must remand to the Civil Service Commission for joinder of the Union and a new hearing. In support of this contention, appellants cite article 641 of the Code of Civil Procedure and the principle of due process.
Article 641 defines an indispensable party as one "whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made" without his joinder. Article 641 additionally states that "[n]o adjudication of an action can be made unless all indispensable parties are joined therein."
The determination that a contract is invalid has a direct effect on the parties. In Celt Oil, Inc. v. Jackson, 469 So.2d 261, 264 (La.App. 1st Cir.1985), we held that lessors were indispensable parties to an action to declare a lease invalid because (1) a determination of invalidity would deprive them of benefits under the lease, and (2) the validity of the lease in question hinged on whether they owned the property. When one party to a contract (in the instant case, the Labor Department) is restrained from fulfilling its obligation thereunder, the other party (the Union) is unquestionably directly affected.
When the absence of an indispensable party is noticed for the first time on appeal, the case must be remanded for joinder of the indispensable party and retrial. Blanchard v. Naquin, 428 So.2d 926, 928 (La.App. 1st Cir.), cert. denied, 433 So.2d 162 (La.1983). Furthermore the notion of procedural due process, that is, prior notice and a chance to be heard, see Smith v. Department of Health & Human Resources, 432 So.2d 997, 999 (La.App. 1st Cir.1983), requires us to remand to the Civil Service Commission, so that the Union may have an opportunity to be heard and allowed to present evidence. For the foregoing reasons, the decision of the Civil Service Commission is reversed, and the case is remanded for a new hearing in which the Union will have the opportunity to participate.
REVERSED AND REMANDED.