ARMSTRONG, Judge.
The appellants, forty-eight police officers with the New Orleans Police department, are appealing the Civil Service Commission’s decision that they failed to prove that they were not promoted to the rank of sergeant because of political or sexual discrimination. We affirm the Commission’s decision.
Appellants, the forty-eight police officers, were in the sixth band of police officers who had passed the sergeant’s examination. The Superintendent of Police promoted the first five bands and made four appointments from the sixth band. The forty-eight police officers claim that the four officers appointed in the sixth band were promoted as a result of political discrimination. The one woman in the sixth band also claims that the Superintendent’s failure to appoint her was the result of sexual discrimination, since the Superintendent had established a pattern by promptly promoting the two females in the fifth band. The Civil Service Commission held that the forty-eight police officers failed to carry their burden of proof. The forty-eight police officers are appealing.
First, appellants argue that the Commission erred in holding that the forty-eight police officers had failed to prove that they were the victims of political discrimination when the Superintendent of the New Orleans Police Department did not promote them to the rank of sergeant.
Article 10, Section 8(B) of the Louisiana Constitution provides that:
No classified employee shall be discriminated against because of his political or religious beliefs, sex or race. A classified employee so discriminated against shall have the right to appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the employee.
In the present case, the forty-eight police officers contend that all police officers in band six were equally qualified to be promoted. Specifically, the forty-eight police officers base their allegations of political discrimination on a recommendation written by New Orleans District Attorney Harry Connick to Mayor Sidney Barthelemy requesting that Officer Mason Spong be considered for promotion. Spong was subsequently promoted. The forty-eight police officers contend that the recommendation is prima facie evidence that the Superintendent’s decision involved political discrimination.
In contrast, Kurt Steiner, the former City Attorney, testified that he did not recommend anyone to be promoted to the rank of Sergeant. Superintendent Warren Woodfork testified that he was not politically influenced to promote anyone to the rank of sergeant. Superintendent Wood-fork stated further that the criteria he used to make promotions were experience, job assignment and disciplinary records.
The facts of the instant case are analogous to the facts in Dauser v. Dept of Public Utilities, 428 So.2d 1176 (La.App. 5th Cir.1983). The facts of Dauser, in pertinent part, are as follows. Ms. Laura Dauser, an employee with the Jefferson Parish Department of Public Utilities, alleged that there was no reason for her *1171 demotion from a Water Inspector III position to a Water Inspector II position other than sexual discrimination. The Jefferson Parish Personnel Board found that as an eligible candidate for the position of Water Inspector III Ms. Dauser was interviewed by Peter J. Russo, Director of Public Utilities and a committee of supervisors. She was recommended for appointment and was informed that her promotion would be effective May 1, 1982. However, Mr. Russo was the appointing authority for the Department of Utilities and had sole authority to make appointments. Contrary to the committee’s recommendation Ms. Dau-ser was not appointed. Mr. Russo denied that his failure to appoint Ms. Dauser was based on sexual discrimination and suggested sufficient reasons for appointing another candidate. The court ruled that the appointing authority has great discretion in choosing employees properly eligible for promotion and is not required to follow the recommendation of his supervisors.
Superintendent Woodfork had great discretion in choosing those employees eligible for promotion to the rank of sergeant. Promotions do not take place automatically or as a matter of right. Dauser at 1178. The forty-eight police officers have the burden of proving that they were victims of political discrimination. The Commission’s findings of fact are binding on the court when supported by the record and an appeal court may not substitute its conclusions of fact for that of the Commission. Dauser at 1177. The Commission concluded that a prima facie case of discrimination was not established and a review of the record supports this holding.
A second assignment of error is alleged by Bobbie Jacobson, the only woman police officer in the sixth band. Ms. Jacobson alleges that the Commission erred in not finding that she was sexually discriminated against.
In Falkenheiner v. Legal Aid Society of Baton Rouge, Inc., 471 F.Supp. 429 (E.D.La.1979) a suit was brought on allegations that illegal sex discrimination occurred when a woman was not appointed executive director of a legal aid society. The United States District Court ruled that simply because a man is chosen over a woman is not grounds to conclude that sex discrimination is involved. The court ruled that sexual discrimination occurs when the employer has based his opinion or choice to promote a male over a more qualified female because of stereotypical ideas. Falkenheiner at 431.
In the present case, Ms. Jacobson alleges that the promotion of the only two female candidates in band five to the rank of sergeant established a precedent that was violated when candidates in band six were considered for promotion. Ms. Jacobson is the only female in band six. Superintendent Woodfork stated that his basis for not selecting Ms. Jacobson for promotion was not based on stereotypical ideas. Further, the forty-eight police officers admit that they were all equally qualified for a promotion to the rank of sergeant.
Applying Falkenheiner, the mere fact that there were few or no females promoted in band six does not constitute proof of sex discrimination. Additionally, the facts as recited do not support a claim of sexual discrimination.
We conclude that the Civil Service Commission did not err in finding that the forty-eight police officers were not politically or sexually discriminated against,- and it properly rendered a decision in favor of the New Orleans Police Department.
For the foregoing reasons, we affirm the Commission’s decision.
AFFIRMED.