354 So.2d 1058 (1977)
Tommy HOLLINGSWORTH
v.
STATE of Louisiana, Through the DEPARTMENT OF PUBLIC SAFETY, et al.
No. 11702.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
Writ Refused March 31, 1978.
Dee D. Drell, Alexandria, for appellant Tommy Hollingsworth.
R. Gray Sexton, Baton Rouge, for appellee.
Howard P. Elliott, Jr., Baton Rouge, for Dept. of Public Safety, Division of State Police.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge.
The appellant, Tommy Hollingsworth, has appealed the decision of the Civil Service Commission (Commission) which granted the Department of Public Safety's Motion for Summary Disposition and dismissed his appeal. We affirm.
The appellant is employed by the Department of Public Safety, Division of State Police, as a State Police Command Inspector, serving with permanent status.
*1059 The basis of the appellant's appeal to the Commission, which was filed on April 14, 1976, was discrimination in the application of the Commission's Uniform Pay Plan in that two employees of the State Department of Public Safety who are serving in the same position as the appellant are now receiving a higher rate of pay than the appellant even though he has served longer and in higher classes of position than they have served.
The pay plan to which reference was made in the notice of the meeting of the Commission, following a public hearing held the previous day, was subsequently given an effective date of implementation of August 2, 1975.[1]
The Department of Public Safety, in response to the notice of appeal, filed a motion for summary disposition, asserting that the Commission was without jurisdiction because the delay for appealing had tolled because the appeal had not been filed within thirty days of the action which was the subject of the complaint.
The facts show that upon learning that his pay was less than that of the two employees holding the same position as he, the appellant properly applied to the Secretary of the Department of Public Safety for a discretionary pay increase to bring his pay in line with the comparable employees. This letter was written on December 14, 1976, and appellant's request was denied on December 22, 1976. On January 10, 1977, within thirty days of the denial, appellant filed with the Civil Service Commission his "appeal from discrimination in application of pay plan."
We find that the appellant has timely appealed within the meaning of Civil Service Rule 13.12,[2] because his appeal was lodged within thirty days of the denial of his request for the pay increase.
The Commission considered and ruled upon the merits of the appeal. Therefore, appellant was not adversely affected by any consideration of its timeliness.
He complains that there are only two other Command Inspectors in the Department, each of whom is junior to him in service, each of whom was in turn promoted to Commander and then to Command Inspector, and each of whom has been awarded two salary step increases. It is these adjustments in their pay which provided them with a greater pay than the appellant.
A review of the record convinces us that Hollingsworth has received all of the pay increases and salary adjustments which were due him under Civil Service Rules from the date of his employment to the date of the present appeal. There is nothing in the record to show bias toward him or any discriminatory omissions or commissions by the Department or the Commission against him as a police officer.
The record reflects that the manner in which the two compatible officers are receiving slightly more pay than appellant came about was: at the time when the pay plan went into effect each of them held a lower rank than Hollingsworth, but they obtained a discretionary merit step increase in pay in the lower rank prior to their promotions and the accompanying salary increases. The record also shows that when the two other employees moved from State Police Captain to the new class of State Police Commander, the two-step increases made it possible for them to receive more pay than Hollingsworth, who was already a Commander Inspector. However, such a variance comes about solely from the mechanics *1060 of the system, not from any discriminatory application or implementation of the pay plan. An imbalance can occur in any department, and pay discrepancies to a slight extent exist throughout the system. Such discrepancies are caused primarily by the provisions of the Civil Service pay rules and the way the pay plan is structured, and not from any internal administrative adjustments. For example, any employee can be promoted to a higher paying classification just prior to the date of an annual merit increase and receive less money than if his promotion had come after the merit raise.
Accordingly, we conclude that there was no discrimination against the appellant and that there is no merit in his appeal. We, therefore, affirm the decision of the State Civil Service Commission, at appellant's costs.
AFFIRMED.
NOTES
[1] The pay plan was adjusted pursuant to the provisions of Article 10, Section 10, of the Louisiana Constitution of 1974.
[2] It provides, inter alia, that an appeal, in order to be effective, must be ". . . received in the office of the Director. . . or . . . is addressed to the Director. . . with proper postage affixed, and is dated by the United States Post Office . . ." within 30 calendar days after the date on which the appellant received written notice of the action in which the appeal is based, when such notice is required by the Rules, or within 30 calendar days ". . . after the date when the appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all."