CHEHARDY, Judge.
The defendant, Department of Streets, City of New Orleans, appeals a decision of the Civil Service Commission, City of New Orleans, reducing the defendant’s disciplinary action against the plaintiff, Charles Chandler, Sr., from a dismissal to a 30-day suspension. The Commission also ordered Chandler reinstated to his former position and recited he was also entitled to all back pay and other emoluments of his office since the expiration of the 30-day suspension, less any amount of wages he earned during that period.
The record reflects that the plaintiff, a Street Maintenance Foreman I, had been continuously employed by the City of New Orleans for more than 13 years and that during that period he had received five promotions.
On October 5, 1979, a letter was sent to Chandler from the Director of Streets, which stated in part:
“This letter will serve to officially notify you that you are dismissed from the Department of Streets-Maintenance Division effective at close of business Friday, October 5, 1979.
“This action is being taken due to your continued violations of Department of Streets rules, despite your receiving repeated warnings from your supervisors.
*813 “On March 22, 1978 you were sent a certified letter notifying you of a five day suspension which you subsequently served on April 4, 5, 6, 18, 19, 1978. In the final paragraph of that letter I specifically warned you that future infraction of the rules would lead to dismissal; the direct quotation follows:
‘You are additionally advised that a future incident of this category, sleeping on the job and/or not supervising your crew, will result in your dismissal from employment.’
“Since the March, 1978 incident, leading to your suspension, you have violated the rules and were warned of possible severe disciplinary action by your supervisors on the following occasions:
July 18, 1978 — you and three members of your crew were caught returning to the job late from lunch.
September 12,1978 — you and four other employees left the job site one-half hour prior to your scheduled noon to 1:00 P.M. lunch period.
July 18, 1979 — your supervisor Calvin Alexander found that you had left the job before your assigned quitting time of 4:00 P.M. At 3:34 P.M. he discovered you missing and you did not return for the remaining work day.
August 27,1979 — you again left the job one-half hour early for lunch.
October 2, 1979 — Mr. Alexander again found that you left the job before quitting time. This time you and another employee were found not on the job fifty-five minutes prior to the 4:00 P.M. quitting time.
“The above-listed incidents manifest an unwillingness on your part to correct your job behavior. Your failure to observe working hours, in the face of repeated warnings of possible disciplinary action, by your supervisors, is certainly a violation of the above-quoted sentence contained in your March 22,1978 notification of suspension, specifically your failure to properly supervise your crew. Unauthorized absence from the job site is certainly adverse to your supervision of a streets maintenance crew and sets a bad example for employees under your authority. Moreover, an inefficient crew working on city streets creates a bad public image for the Department of Streets.”
In its order reducing the Department of Streets’ disciplinary action to a suspension, the Commissioner stated:
“In March, 1978 Appellant was disciplined and advised that a future incident of not supervising his crew would result in his dismissal. Appellant’s letter of dismissal in October, 1979 set forth five incidents where Appellant allegedly did not observe working hours and concluded that this was a failure to properly supervise his crew. The incidents cited range from July, 1978 to October, 1979, a period of 15 months and involve time spans of twenty-six to fifty-five minutes. The first two incidents in 1978 are too remote to be considered in dismissing the Appellant in late 1979. Thus we are dealing with three incidents involving a total time of approximately two hours. No single incident is sufficient to justify Appellant’s dismissal; but taken together as a unit they may display a lack of concern. However, Appellant is a long time employee, with a good record. The manner in which the charges were allowed to accumulate and lead to dismissal does not seem equitable. Under the circumstances we feel dismissal too harsh an action.
******
“Appellant is hereby warned that the rules currently in effect at the Department of Streets must be strictly followed. Further violations of work schedule may support more serious disciplinary action.”
In the case of Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4th Cir. 1978), this court said at pages 1222-1223:
“The legal basis for any change in a disciplinary action can only be that sufficient cause for the action was not shown by the appointing authority. The protection of civil service employees is only against firing (or other discipline) without cause. This protection arises from La.Const. art. 10 § 8(A):
*814 No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.
“Cause justifying a one-day suspension might not justify a dismissal, and therefore — in that sense — the Civil Service Commission’s authority ‘to hear and decide’ disciplinary cases, Const, art. 10 § 12, includes authority to modify (reduce) as well as to reverse or affirm a penalty. See Brickman v. New Orleans Aviation Bd., 1958, 236 La. 143, 107 So.2d 422; Bernard v. Louisiana H. & H. R. A., La.App. 1 Cir. 1976, 336 So.2d 55. * * * The Commission does not have the authority to reduce a penalty except upon a determination that there is insufficient cause for the greater penalty.”
Although the court in Branighan, supra, held the appointing authority, in that case the superintendent of police, had sufficient cause to fire the officer in question and, therefore, it reversed the Commission’s decision to reduce the penalty to suspension, in the present case we can find no basis for such a reversal.
Similarly, this court addressed itself to the law articulated in Branighan, supra, in Joseph v. Department of Health, 389 So.2d 739 (La.App. 4th Cir. 1980). In Joseph the court observed at page 741:
“The legal basis for any change in a disciplinary action can only be that sufficient cause was not shown by the appointing authority. The protection of civil service employees is only against firing or other discipline without cause. This protection arises from La.Const. Art. 10, § 8(A), which reads:
‘No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority.’ (Emphasis ours).
“To paraphrase what this court said in Branighan v. Department of Police: The appointing authority (here the Director of the Department of Health) is charged with the operation of her department. She is the one who must run the department, an obviously necessary part of which is dismissing or disciplining employees. While she may not do so without case, she may, and indeed must, within the exercise of sound discretion, dismiss or discipline an employee for sufficient cause. The Commission is not charged with such operation or such disciplining.”
We agree with this interpretation of the law. However, although in Joseph, it was concluded that the appointing authority had shown sufficient cause for dismissing the plaintiff, a licensed practical nurse, and the decision of the Civil Service Commission was, therefore, reversed, we find Joseph clearly distinguishable on the facts in that it involved much more serious offenses on the plaintiff’s part (including violent physical altercations with co-workers during working hours), which clearly demonstrated that her dismissal had been within the sound discretion of the appointing authority. Contrarily, in the present case, a review of the evidence presented at the Civil Service Commission hearing reveals no such sufficient cause for Chandler’s dismissal.
At the hearing on the merits of the case, Chandler testified that on the October 2, 1979 occasion, when he was cited for leaving the job 55 minutes earlier than the established quitting time of 4 o’clock, he and the remainder of his crew were still in the immediate vicinity of the work area at the time the site was visited by his supervisor, Calvin Alexander. The plaintiff added that they were not working because the crew’s truck driver had left the job site with all of the tools and that he had no authority to stop the driver from leaving.
It was also the testimony of Joseph L. Goodman, Alexander’s supervisor, that shortly after he came into the district in July of 1979 he called meetings to stop the *815 practice of crews quitting work early in order to allow the truck driver to return to the yard before the 4 o’clock “knock off” time; however, he was obviously aware that this was customarily done by the work crews up until that time.
Alexander testified he was unaware of the number of years Chandler had worked for the City at the time he recommended the dismissal and did not know that Civil Service regulations allowed suspensions of up to 120 days in one year. Goodman also said he was not consulted about Chandler’s dismissal by the City.
Regarding the charge that he left the job site before the scheduled lunch hour had begun, Chandler explained the truck had once again left the work area, with all the materials aboard, in order to have a flat tire repaired.
At the hearing Chandler also stated that Alexander had told he was going to “get” his job because he had “too many cookies in the jar,” meaning accumulated sick leave and annual leave time, although this was subsequently denied by Alexander.
In view of the above, we hold the Commission had ample evidence to decide that there was insufficient cause for the Department of Streets’ termination of the plaintiff in this case and to reduce his penalty to a suspension.
Accordingly, the holding of the commission is affirmed in all respects.

AFFIRMED.

SAMUEL, J., concurs with written reasons.