I .WALTZER, Judge.
We granted certiorari in this civil service disciplinary case to review the order of the Civil Service Commission (“Commission”) that modified the suspension of an employee of the New Orleans Sewage and Water Board from 30 to 3 days.

STATEMENT OF THE CASE

Cornell Collier was suspended originally for 30 days following an incident in which he urinated in public while on duty. The original recommendation of the disciplinary committee was for a three-day suspension, but the Appointing Authority, the Executive Director of the Sewage and Water Board, extended the suspension to 30 days. From this decision, Collier appealed to the Civil Service Commission, which decreased the suspension to three days because the commission felt that the proof accepted into the record did not support the penalty imposed. The Commission ordered back pay for 27 of the 30 days.
On appeal, the New Orleans Sewage and Water Board argues that the Commission erred in reducing the 30-day suspension because the Appointing Authority showed sufficient cause for this suspension. We affirm the ruling of the 1 ^Commission and agree that the New Orleans Sewage and Water Board had insufficient cause for imposing the 30-day penalty.

STATEMENT OF FACTS

The Sewage and Water Board of New Orleans employed Cornell Collier in the capacity of Utilities Maintenance Worker I in November 1997. On 24 November 1997, while on duty, Mr. Collier was observed urinating by two children near a job site. The mother of the children called the police and the Sewage and Water Board; the police investigated the report. With the police present, the mother and children identified Mr. Collier as the offending party, and subsequently Collier was issued a summons to appear in court. In addition to the municipal violation, the Sewage and Water Board supervisor recommended disciplinary action. During a hearing on 1 December 1997, the disciplinary committee agreed that a three-day suspension would be appropriate. Following the hearing, the Executive Director of the Sewage and Water Board made the final decision to issue a 30-day suspension after conferring with his superiors. In increasing the length of suspension, the Appointing Authority purportedly took into consideration a previous infraction, which had resulted in a three-day suspension. Following this decision, Mr. Collier appealed to the Civil Service Commission, which has the authority to hear and decide disciplinary cases against public employees. La. CONST, art. 10, § 1.
The Commission issued a decision restoring 27 days of the 30-day suspension assigned by the Appointing Authority. On appeal, the Sewage and Water Board argues the Commission’s action was an arbitrary and capricious interference with the authority of the Executive Director.

STANDARD OF REVIEW

|sThe appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Newman v. Department of Fire, 425 So.2d 753 (La.1983). It is only when this court finds that the Commission’s actions were arbitrary or capricious, that it can disturb the Commission’s judgment.
In light of the standard of review, the Commission’s findings were not arbitrary or capricious. We will not disturb the reduction of penalty. The legal basis for any change in a disciplinary action can only be that sufficient cause was *646 not shown by the Appointing Authority. Joseph v. Department of Health, (La.App. 4 Cir.1980), 389 So.2d 739. In a case against a public employee, the Appointing Authority has the burden of proving legal cause for disciplinary action before the Civil Service Commission. La. CONST. art. 10, § 8(A). The Appointing Authority must also prove that the action complained of did impair the efficiency and orderly operation of public service, otherwise the action is arbitrary and capricious. Newman at 753.

DISCUSSION

Although not stated by the Commission explicitly, this court agrees with the finding of the Commission that the Appointing Authority failed to meet its burden in proving that Collier’s conduct impaired the efficiency of the Sewage and Water Board. Thus a 30-day suspension was arbitrary and capricious. In reducing Mr. Collier’s suspension on appeal, the Commission found that “facts were assumed but hardly proven”, and that “given the disciplinary policies historically applied by |4this Appointing Authority, together with the employee’s record, the proofs accepted ... do not support the penalty imposed.” The ruling of the Commission implicitly found that the Appointing Authority had failed in its burden to prove that the conduct of the public employee had, in fact, impaired the efficiency and operation of the public service.
Despite what the appellant’s arguments to the contrary assert, this court does not feel that the Commission exceeded its authority or arbitrarily interfered with the Appointing Authority’s discretion when it modified the suspension. The Civil Service Commission has the authority to hear and decide disciplinary cases against public employees, which includes authority to modify (reduce), as well as to reverse or affirm a penalty. Chandler v. Department of Streets, (La.App. 4 Cir. 2/5/81), 394 So.2d 812, 814. In Chandler, this court found that there was ample evidence for the Civil Service Commission to decide that there was insufficient cause for the Department of Streets to dismiss the plaintiff from his position and to reduce the dismissal to a 30-day suspension. This court affirmed the Commission’s decision that dismissing the employee for leaving the job site early “was too harsh an action,” and that the lesser penalty of suspension was more appropriate. Here, we follow that line of reasoning and find that, although not an act to be condoned, Collier’s conduct does not warrant a thirty-day suspension.
Similar to the view expressed by the Commission, this court agrees that urination in public is to be strongly discouraged, but Collier’s conduct, in this matter, was not an express infraction of the rules. John Wagar, a Water Board supervisor, testified that the normal policy is to transport employees to a board facility or a restaurant close by when one of the employees has to use the bathroom. However, when asked if employees are ever allowed to urinate in |spublic, Wagar replied, “yes, they could choose to go behind the truck; I prefer that they do not.” This Court also agrees with the finding of the Commission that such conduct is impliedly allowed, and is an acceptable alternative to “disrupting the work of the rest of the crew.”
In light of this evidence, not only does a thirty-day suspension for this non-proscribed activity seem excessive, but the Appointing Authority has failed to demonstrate how such activity might impair the efficiency and operation of the Sewage and Water Board. Therefore, the Commission’s modification was not arbitrary and capricious, and thus there is no reason to disturb its decision on appeal.

CONCLUSION

In view of the above, we hold the Commission had ample evidence to decide that there was insufficient cause for the Sewage and Water Board’s thirty-day suspension. We affirm the Commission’s *647 reduction of the penalty to a three-day suspension.

AFFIRMED.

CIACCIO, J. Pro Tern., DISSENTS WITH REASONS.