JjDENNIS R. BAGNERIS, SR., Judge.
Plaintiff/Appellants (“appellants”), present and former employees of the Department of Police (“the Department”), appeal a decision rendered by the Civil Service Commission (“CSC”), whereby the CSC dismissed the claims of appellants seeking a pay raise. The CSC held that the civil service system does not require that every perceived pay inequity be corrected by the appointing authority and that certain pay inequities are simply a result of the mechanics of the system. We affirm the ruling of the CSC.

FACTS AND PROCEDURAL HISTORY

Before 1985, police officers worked a regular 40-hour workweek. As a result of a United States Supreme Court decision which held that municipalities were within the jurisdiction of the Fair Labor Standards Act (“FLSA”), in 1986, the Department changed to a 171-hour/28 day work period. This resulted in an increase in hours worked.
| ?To offset the increase in hours, the City of New Orleans (“the City”) increased the salaries of all officers in the “police officer” classifications (Police Officer I through Police Officer IV) by 7.5%. Initially, this salary increase did not apply to supervisory employees such as Sergeants, Lieutenants and Captains. According to Janice Roussel (“Ms. Roussel”), Personnel Director for the Department, these supervisory police officers were not given the increase because, at that particular time, these officers received Executive and Administrative Pay (“EAP”), thereby making them exempt from the FLSA requirements.
Ms. Roussel testified that sometime in 1989, these supervisory employees were “taken off’ EAP, and the Department began calculating their pay under FLSA. This had the effect of granting anyone who was a sergeant at that time an additional 7.5% pay increase. This pay increase was limited to those sergeants who had been promoted between 1986 and 1989. The change in the work period and each of the 7.5% pay raises were implemented with the approval of the CSC.
As a result of this action, police sergeants who had been promoted prior to the implementation of FLSA received only the second 7.5% pay increase, whereas a certain number of police sergeants who were promoted after implementation of *331 FLSA benefited from having received the initial 7.5% pay increase when they were in the “police officer” classification, as well as the second 7.5% pay increase because these officers had been promoted to sergeant by the time the sergeants received their 7.5% pay raise. This had the effect of certain less senior sergeants being fortunate enough to have benefited from two 7.5% pay increases. This also |Rhad the effect of certain less senior sergeants being paid at a higher rate of pay than the pre-FLSA sergeants.
In 1991, a group of plaintiffs (“Decastro plaintiffs”) made up of all pre-FLSA sergeants who had been promoted to the rank of sergeant in 1985 filed suit in Civil District Court for the Parish of Orleans (“De-castro, et al. v. City of New Orleans, et al”; Case No. 91-7717 “E”) claiming that this pay inequity was violative of civil service rules and regulations. This suit was settled without trial, with the City agreeing to give each of the Decastro plaintiffs a 7.5% pay increase.
Appellants herein were sergeants who did not participate in the Decastro suit (“Lombas plaintiffs”). After the settlement of the Decastro suit, in 1993, these sergeants filed a subsequent suit in Civil District Court for the Parish of Orleans (“Larry Lombas, et al. v. City of New Orleans, et al.”, Case No. 93-10804). The Lombas plaintiffs alleged that the Decas-tro settlement created an additional disparate pay with all sergeants within the Department who were promoted to that rank prior to 1985. The Lombas plaintiffs alleged all the Constitutional claims of disparate pay in equal class as well as certain CSC rule violations.
The City of New Orleans filed an exception of lack of subject matter jurisdiction, which the trial court granted in part and denied in part, ordering the Constitutional issues reserved for trial until such time as the CSC ruled on the issues pertaining to its own rules.
After a hearing, the CSC dismissed the Lombas plaintiffs’ appeal, ruling that the civil service system does not require that the appointing authority correct every |4perceived pay inequity. The CSC further ruled that certain pay inequities are merely a result of the mechanics of the system.
It is from this CSC ruling that the appellants have appealed.

LAW AND DISCUSSION

The appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Collier v. New Orleans Sewerage and Water Bd., 99-2923 (La.App. 4 Cir. 6/28/00), 768 So.2d 644; Palmer v. Department of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Collier, supra; Newman v. Department of Fire, 425 So.2d 753 (La.1983). It is only when this Court finds that the Commission’s actions were arbitrary or capricious, that it can disturb the Commission’s judgment. Collier, supra.
Appellants argue that by denying their appeal, the CSC violated its own rule of equal pay in equal classes of service. In response, the appellee argues that courts have long recognized that the “mechanics of the system” may create certain inequities and that the CSC’s constitutional mandate does not require that each inequity must be corrected. The appellee further argues that the CSC correctly recognized that any pay increase was a result of the “mechanics of the system” and not from any discriminatory application or implementation of the pay plan. We agree with the appellee’s arguments.
*332 |fiA careful review of the testimony of both Ms. Roussel and Joseph Michael Doyle (“Mr. Doyle”) in this matter aids us in our decision. At the time of the hearing, Mr. Doyle testified that he had held the position of the Director of Personnel for the City for nine years. Mr. Doyle testified that the 7.5% difference in pay between the pre-FLSA sergeants and the post-FLSA sergeants only came about because of the implementation of the FLSA and did not result from the segregation and favoring of a certain group of sergeants over another group of sergeants.
Likewise, Ms. Roussel testified and confirmed that sergeants can make different salaries based on “many variables”. Ms. Roussel further confirmed that it is possible to have someone with less time on the job making more as a sergeant even though the person with less time was promoted at the same time as the person with more time. And Ms. Roussel confirmed that there could be different salaries within the same class.
In Hollingsworth v. State, Through Dept. of Public Safety, 354 So.2d 1058 (La.App. 1 Cir.1977), our brethren in the First Circuit dealt with a similar situation. In that case, Tommy Hollingsworth (“Holl-ingsworth”), a state police command inspector, appealed to the CSC and alleged discrimination in the application of the CSC’s Uniform Pay Plan because two other employees in his same position were receiving a higher rate of pay than he was despite the fact that he had served longer and in a higher class of position than the other two | ^employees. The CSC rejected the appeal. Hollingsworth appealed the CSC’s decision.
The First Circuit affirmed the CSC’s decision, noting that there was “nothing in the record to show bias .... or any discriminatory omissions or commissions by the Department or Commission against him as a police officer.” Id. at 1059. Regarding the difference in pay, the Court reasoned as follows:
“.... such a variance comes about solely from the mechanics of the system, not from any discriminatory application or implementation of the pay plan. An imbalance can occur in any department, and pay discrepancies to a slight extent exist throughout the system. Such discrepancies are caused primarily by the provisions of the Civil Service pay rules and the way the pay plan is structured, and not from any internal administrative adjustments.... ”
Id. at 1059-1060.
Like the Court in Hollingsworth, supra, after a careful review of the record evidence in this case, we fail to find any intentional discriminatory implementation and application of the pay plan in this case. Therefore, the CSC was correct in dismissing the appellant’s appeal. We affirm the ruling of the CSC.

CONCLUSION

For the foregoing reasons, the ruling of the Civil Service Commission is hereby affirmed.

AFFIRMED.